## ARNDSTEIN *v.* McCARTHY, UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF NEW YORK.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 575.   Argued October 21, 22, 1920.—Decided November 8, 1920.

Under direction of the bankruptcy court, but without objection, an involuntary bankrupt filed schedules of assets and liabilities, which, standing alone, did not amount to an admission of guilt or furnish clear proof of crime; and, later in the proceeding, he declined to answer certain questions concerning them on the ground that to do so might incriminate him. *Held*, that by filing the schedules he did not waive his privilege under the Fifth Amendment. P. 72.

The privilege of the Amendment applies if it cannot be said that the questions propounded, considered in the light of the circumstances disclosed, may be answered with entire impunity. *Id.*

The provision of § 7 of the Bankruptcy Act that no testimony given by a bankrupt shall be offered in evidence against him in any criminal proceeding, is not a substitute for the protection of the Fifth Amendment, since it does not prevent the use of his testimony to search out other evidence to be used in evidence against him or his property. P. 73.

Reversed.

THE case is stated in the opinion.   See also, *post,* 379.

*Mr. Rufus S. Day* and *Mr. William J. Fallon,* with whom *Mr. George L. Boyle* was on the brief, for appellant.

*The Solicitor General* for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Holding that the petition failed to disclose adequate grounds therefor, the court below denied appellant's

application for a writ of habeas corpus, through which he
sought release from confinement for contempt. The cause
is here by reason of the constitutional question involved.

The petition alleges:

That having been adjudged an involuntary bankrupt,
Arndstein was called before Special Commissioners for
examination under § 21-a, Bankruptcy Act. He refused
to answer a long list of questions, claiming that to do so
might tend to degrade and incriminate him. The District
Judge upheld this contention and denied a motion to
punish for contempt.

That subsequent to such examination and under the
direction of the court the bankrupt filed schedules under
oath which purported to show his assets and liabilities.
When interrogated concerning these he set up his constitu-
tional privilege and refused to answer many questions
which are set out. Thereupon he was committed to jail.

The writ was refused upon the theory that by filing
schedules without objection the bankrupt waived his
constitutional privilege and could not thereafter refuse to
reply when questioned in respect of them. This view of
the law we think is erroneous. The schedules standing
alone did not amount to an admission of guilt or furnish
clear proof of crime and the mere filing of them did not
constitute a waiver of the right to stop short whenever the
bankrupt could fairly claim that to answer might tend to
incriminate him. See *Brown* v. *Walker*, 161 U. S. 591, 597;
*Foster* v. *People*, 18 Michigan, 266, 274; *People* v. *Forbes*,
143 N. Y. 219, 230; *Regina* v. *Garbett*, 2 C. & K. 474, 495.
It is impossible to say from mere consideration of the
questions propounded, in the light of the circumstances
disclosed, that they could have been answered with
entire impunity. The writ should have issued.

"No person . . . shall be compelled in any crimi-
nal case to be a witness against himself,"—Fifth Amend-
ment. "This provision must have a broad construction

in favor of the right which it was intended to secure." "The object was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." *Counselman* v. *Hitchcock,* 142 U. S. 547, 562.

The protection of the Constitution was not removed, by the provision in § 7 of the Bankruptcy Act,—"No testimony given by him shall be offered in evidence against him in any criminal proceeding." "It could not and would not prevent the use of his testimony to search out other testimony to be used in evidence against him or his property." *Counselman* v. *Hitchcock,* p. 564.

*The judgment below must be reversed, and the cause remanded for further proceedings in conformity with this opinion.*

MR. JUSTICE DAY took no part in the consideration or decision of this cause.