Jones, J.
 

 The original proceeding instituted before the commission was for the purpose of ascertaining whether or not plaintiffs in error severally had violated the Motor Transportation Act in failing to first secure a certificate of public convenience and necessity from the commission; and it was the purpose of the commission to elicit from the plaintiffs in error, as witnesses, information touching that feature. Under the provisions of Section 614-100, General Code, a failure to comply with the provisions of the Motor Transportation Act on the part of the witness made him guilty of a misdemeanor, punishable by a fine of not less than $25 nor more than $1,000.
 

 The plaintiffs in error on the grounds of self-incrimination refused to answer questions propounded by a member of the commission, and for their protection they relied upon two constitutional guaranties, one being the Fifth Amendment of the Federal Constitution, providing that “No person * * * shall be compelled in any Criminal Case to be a witness against himself,” the other being Article I, Section 10, of the Ohio Constitution, providing that “No person shall be compelled, in any criminal case, to be a witness against himself.” However, Section 553, General Code, which is a part of the chapter relating to the Public Utilities Commission, provides in express terms that no person shall be excused from testifying “on the ground that the testimony or evidence * * * may tend to incriminate him or subject him to a penalty or forfeiture;
 
 *428
 
 but no person having so testified shall be prosecuted or subjected to a penalty or forfeiture for, or on account of, any transaction, matter or thing concerning which he may have testified,” etc. Section 614-39, G-eneral Code, contained in the same chapter, is of similar import.
 

 Were it not for the immunity from prosecution granted by these sections of the Code, the plaintiffs in error could have successfully relied upon the privilege against self-incrimination guaranteed by the two constitutional sections above referred to. The Federal Congress, and many of the states as well, have passed legislation granting immunity to witnesses who are called upon to testify; and it has been generally held that where full statutory immunity has been conferred upon the witness, and where such immunity is full and complete by preventing prosecutions against the witness “on account of any transaction, matter or thing” testified to, such witness may be compelled to testify and be guilty of contempt in refusing to do so.
 

 In
 
 Counselman
 
 v.
 
 Hitchcock,
 
 142 U. S., 547, 12 S. Ct., 195, 35 L. Ed., 1110, it was held that the statute there construed did not adequately furnish complete protection to the witness; and that an immunity statutory enactment to be valid must afford absolute immunity against future prosecution and must supply a complete protection from all the perils to which his answer may subject him. Likewise in
 
 Arndstein
 
 v.
 
 McCarthy,
 
 254 U. S., 71, 41 S. Ct., 26, 27, 65 L. Ed., 138, it was held that the constitutional protection against self-incrimination was not removed by the limited provisions of the Bankruptcy Act which simply provided that “No testimony
 
 *429
 
 given by him [bankrupt] shall be offered in evidence against him in any criminal proceeding.” (Title 11, Section 25, U. S. Code). It was held in effect that this statute was too narrow and not sufficiently broad to give the witness absolute and complete immunity under the Fifth Federal Amendment.
 

 Such is not the case under the broad and comprehensive immunity furnished by the Ohio statute, which provides that if a person does testify he shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may have testified. While the provisions of the Federal Constitution, notably the Fifth Amendment referred to, may not apply to criminal prosecutions or to immunities granted under state law, since Ohio has adopted almost
 
 in hcec verba
 
 a statute similar to those passed by the Federal Congress, it is pertinent to refer to the federal decisions upholding the rule that an immunity statute, such as we have in this state, relieving the witness from prosecutions and exculpating him from penalties arising out of the transaction or matter concerning which the witness may have testified, sufficiently satisfies the constitutional guaranty of protection against self-incrimination.
 

 In
 
 Hale
 
 v.
 
 Henkel,
 
 201 U. S., 43, 26 S. Ct., 370, 376, 50 L. Ed., 652, Mr. Justice Brown delivering the opinion said that it was in consequence of the decision of the
 
 Counselman case, supra,
 
 that immunity acts of this character were passed by Congress ; that the Act of February 25,1903, considered in that case, as well as the Interstate Commerce Act involved in the previous case of
 
 Brown
 
 v.
 
 Walker,
 
 161 U. S., 591, 16 S. Ct., 644, 40 L. Ed., 819, afforded “absolute immunity against prosecution for the of
 
 *430
 
 fense to which the question related, and deprived the witness of his constitutional right to refuse to answer.” The federal immunity acts in each of the foregoing cases contain provisions very similar to the Ohio immunity statute. The statute in the
 
 Brown case
 
 provided that “no person shall be prosecuted or .be subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence,” etc. (Title 15, Section 32, U. S. Code). The high Federal court held that the statute afforded absolute immunity against prosecution for the offense to which the question related and deprived the witness of his constitutional right to refuse to answer.
 

 Since the immunity granted by the state is absolute, and sufficiently comprehensive to prevent prosecution of the witness and to prevent his subjection to penalties on account of the transactions and matters or things inquired of the witness, we are of the opinion that the several plaintiffs in error were not entitled to the benefit of their claimed constitutional guaranties, and that therefore each became guilty of contempt in refusing to answer the questions propounded to him; that the trial court did not err in adjudging the several plaintiffs in error guilty of contempt for such refusal.
 

 For the reasons stated it is the opinion of this court that the judgment of the Court of Appeals affirming the orders and judgment of the trial court should be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Robinson, JJ., concur.
 

 Kinkade, J., dissents.