**C. M. KIRTLEY, Trustee of Automatic Washer Company, Debtor, in Corporate Reorganization Proceedings, Judgment-Creditor,**

v.

**Joseph ABRAMS and Richland Securities, Inc., Judgment-Debtors.**

**Civ. No. 18532.**

United States District Court
E. D. New York.

April 27, 1960.

---

Meyer, Kissel, Matz & Seward, New York City (Lester Kissel, Herschel E. Sparks, Jr., H. Donald Busch, New York City, of counsel), for trustee.

Howard Henig, New York City (Seymour Howard, New York City, of counsel), for Joseph Abrams.

BRUCHHAUSEN, Chief Judge.

The judgment-debtor Joseph Abrams, presently detained in a Federal penitentiary, was brought to this court pursuant to order dated March 14, 1960, for examination by the plaintiff, judgment-creditor, concerning his income, property and assets. On December 18, 1959, judgment was granted against both defendants in favor of the plaintiff. This court retained jurisdiction to enforce a constructive trust impressed upon certain proceeds of stock in the amount of $154,000. The said Joseph Abrams was declared the constructive trustee of said proceeds and was ordered to pay to the Clerk of this court the trust res of $154,000. To date Abrams has failed to comply with the said order.

The said order directed Abrams to produce at such examination (1) all of his personal books, records, papers, correspondence and documents relating to his income, property and assets, including his bank statements, canceled checks and federal income tax returns for the years 1956 through 1959, and (2) all of the books, records, papers, correspondence and documents of any and all corporations owned or controlled by him.

The examination was commenced. Questions were asked relating to his income, assets, realty, personalty and associations with corporations. The witness refused to answer all questions, except one, claiming privilege under the Fifth Amendment to the Constitution of the United States.

Defendant Abrams alleges that shortly prior to this examination, he was indicted by a Federal Grand Jury, and at his arraignment pleaded not guilty to all counts. He further states that other Government agencies are investigating his business affairs with the view of possible prosecution, and that the fear of prosecution and incrimination is real.

The issue presented is whether the judgment-debtor's said claim of privilege is well founded.

At the outset it is noted that the defendant is not appearing for questioning before a Grand Jury. The judgment-creditor is attempting to locate assets of the judgment-debtor for satisfaction of its judgment.

In Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118, the Court held:

"This provision of the Amendment must be accorded liberal construction in favor of the right it was intended to secure. Counselman v. Hitchcock, 142 U.S. 547, 562 [12 S.Ct. 195, 35 L.Ed. 1110] (1892); Arndstein v. McCarthy, 254 U.S. 71, 72–73 [41 S.Ct. 26, 65 L.Ed. 138] (1920).

"The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. (Patricia) Blau v. United States, 340 U.S. 159 [71 S.Ct. 223, 95 L.Ed. 170] (1950). But this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. Mason v. United States, 244 U.S. 362, 365 [37 S.Ct. 621, 622, 61 L.Ed. 1198] (1917), and cases cited. The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, Rogers v. United States, 340 U.S.

367 [71 S.Ct. 438, 95 L.Ed. 344] (1951), and to require him to answer if 'it clearly appears to the court that he is mistaken.' Temple v. Commonwealth, 75 Va. 892, 899 (1881). However, if the witness, upon interposing his claim, were required to·prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."

In United States v. Doto, 2 Cir., 205 F.2d 416, this circuit has followed the above Supreme Court rules concerning the privilege against self-incrimination.

▮ Applying these rules to the case at bar, the judgment-debtor has failed to show that his responses to the questions would be incriminating. The constitutional protection against self-incrimination "is confined to real danger, and does not extend to remote possibilities out of the ordinary course of law." Heike v. United States, 227 U.S. 131, 144, 33 S.Ct. 226, 228, 57 L.Ed. 450. See also Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819; Mason v. United States, 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198.

▮ After consideration of the entire background of the case including the questions, the court holds that the answers thereto would not subject the witness to a real danger of further incrimination. The judgment-creditor by these questions is attempting to locate assets of the debtor out of which to satisfy his judgment. It also follows that Abrams is not waiving his privilege for the future because he is not volunteering information. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344; Brown v. Walker, supra.

The judgment-creditor questioned the witness' participation in various corporations and whether he produced books and records. The witness informed the attorney for the judgment-creditor that he did not have them at the examination, and invoked his privilege to all subsequent questions regarding those corporations. The witness claims the privilege for himself and not for the corporation. The cases cited by the judgment-debtor are not relevant. In the case of Curcio v. United States, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225, the Grand Jury was investigating crime in labor unions. The witness was secretary-treasurer of one of the unions under investigation. The court held that the witness was not compelled to disclose the whereabouts of non-produced books, which could lead to criminal prosecution against him personally. In Bradley v. O'Hare, 1956, 2 A.D.2d 436, 156 N.Y.S.2d 533, a complaint charged the individual defendants with breach of trust as officers of a union for misappropriation of its assets. The court correctly sustained the privilege claim. It appeared that the witness was charged with breach of trust and wrongdoing. Under these circumstances the witness was in real danger of possible criminal liability by answering questions concerning whereabouts of books and records allegedly misappropriated by him. In the case at bar there are no investigations being conducted by the judgment-creditor nor is he under investigation by a Grand Jury. There is no real danger of any possible criminal liability. The activities of the judgment-creditor are confined to a search of assets of the debtor for the purpose of satisfying his judgment.

▮ For the same reasons noted above the judgment-debtor cannot refuse to produce copies of his income tax returns on the ground of self-incrimination.

The judgment-debtor cites Emspak v. United States, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118, and Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 as holding

68

that the burden on the witness is only to make it evident from the questions and implications of those questions, that his answer, or even an explanation as to why the question cannot be answered, would be dangerous to him because a damaging disclosure might result. Assuming this statement to be correct, the witness has totally failed to come within the purview of this rule. The privilege was invoked because the witness one week prior to his examination was indicted by a Federal Grand Jury, pleaded not guilty to all counts and because other Government agencies are conducting investigations into the business affairs of the witness with the view of possible prosecution. The witness has completely failed to show any possible connection among these matters and any real danger of possible criminal liability by answering the questions of the judgment-creditor.

The defendant's claim of privilege is overruled. Submit order.