WEINER, APPELLEE, *v.* CROUCH, DIR., DEPT. OF
LIQUOR CONTROL, APPELLANT.*

*Motion to certify the record overruled (38158), June 12, 1963.

(No. 7079—Decided January 29, 1963.)

Mr. *John A. Brown,* for appellee.
Mr. *Mark McElroy,* attorney general, Mr. *Michael Kous-kouris* and Mr. *Donald C. Freda,* for appellant.

Duffy, P. J.   A summary judgment was rendered in the Common Pleas Court of Franklin County, which court issued a permanent injunction restraining the Director of the Department of Liquor Control from attempting to collect the amount of an inventory shortage from the plaintiff-appellee who was employed as a store manager of one of the liquor stores of the department.   The director has appealed the decision and has assigned the following as errors:

1. The Court of Common Pleas erred in granting a motion for summary judgment contrary to the provisions of Section 2311.041, Revised Code.

2. The judgment of the Court of Common Pleas was not sustained by sufficient evidence and was contrary to law.

As to the first assignment of error, the defendant-appellant complains that the summary judgment was rendered before the case was at issue because he had not filed an answer to the petition of the plaintiff.

It is true that the summary judgment was rendered after a consideration of the petition and a stipulation of facts sub-

mitted by the parties. The petition was filed on November 3, 1961, and the agreed stipulation of facts on January 8, 1962. The motion for summary judgment was filed on March 1, and a "memorandum contra motion" was filed by the defendant on March 12, the court ruling on the motion for summary judgment on March 26, 1962.

It is apparent that the defendant was long out of rule for the filing of an answer, and there is every indication that the stipulation of facts was filed in lieu of any pleading. For that reason the assignment of error No. 1 is not well taken.

As to assignment of error No. 2, it is the defendant's contention that the manager of the liquor store was by department regulation a public officer and accountable for funds even without negligence on his part.

The stipulation of facts indicates that the store managed by the plaintiff was converted from an orthodox store to a self-service liquor store with the public having access to the liquor stock, and that for the first six months of operation as a self-service store the inventory shortage amounted to $619.23, which was $566.74 more than the breakage allowance specified in Section 4301.16, Revised Code.

Regulation III, B 5, of the Department of Liquor Control contains the following provision: "The store manager is personally responsible for all monies received or expended by the store." It is on the basis of this regulation that the Director of Liquor Control required all store managers to pay to the state of Ohio an amount equal to any inventory shortage found by an auditor less the allowance for breakage specified in Section 4301.16, Revised Code.

The stipulation further indicates that prior to the conversion to a self-service store, the audits in the particular state liquor store managed by the plaintiff had not disclosed any shortages exceeding the breakage allowance of the statute. It is clear from the stipulation that the public has access to the liquor stock and that it is possible for others than the manager and employees to purloin or cause a breakage of the bottled liquor.

The trial judge held that the Director of the Department of Liquor Control abused his discretion under the circumstances

in holding the manager of the store responsible for all cash or inventory shortages without proof of guilt or complicity.

The defendant's main contention is that the manager of the liquor store is a public officer under the provisions of the Ohio laws and therefore strictly accountable for public money, even though such money was missing through no fault on his part.

We do not think the evidence shows that the store manager is a public officer, and the second assignment of error is not well taken and will be overruled. It would not appear that the statute or the regulation contemplated the use of self-service stores, and we agree that it would be unreasonable to hold such a store manager responsible for all cash and inventory shortages without proof of guilt or complicity.

The judgment is affirmed.

*Judgment affirmed.*

DUFFEY, J., concurs.

BRYANT, J., concurring. I concur for the reason that defendant was many weeks in default in answering and, if he chooses not to answer, may not complain of the consequences of his neglect.