In the Matter of the Application of the April 1964 Grand Jury of the County of Kings duly held over to punish Seymour KAMINETSKY, who was a witness duly called before said Grand Jury as and for a criminal contempt of court pursuant to the provisions of Section 619 of the Code of Criminal Procedure and Article 19 of the Judiciary Law of the State of New York.

No. 64–C–866.

United States District Court
E. D. New York.

Oct. 20, 1964.

Aaron E. Koota, Acting Dist. Atty., of the County of Kings, State of New York, by Irving P. Seidman, Asst. Dist. Atty., for the State.

Albert J. Krieger, New York City, for Seymour Kaminetsky.

BRUCHHAUSEN, District Judge.

Hon. Aaron E. Koota, Acting District Attorney of the County of Kings, pursuant to 28 U.S.C. § 1447(c), has applied for remand of this proceeding to the Supreme Court of the State of New York, County of Kings, Criminal Term, Part I, upon the grounds that it was removed to this Court improvidently and without this Court having jurisdiction thereof.

THE STATE COURT PROCEEDING

A Grand Jury, empanelled in the County of Kings was and is conducting an investigation to determine whether there exists a criminal conspiracy to obstruct the enforcement of gambling laws. On July 20, 1964, Seymour Kaminetsky was sworn as a witness before that body and asked the following questions:

1. Are you a bookmaker?

2. Have you ever paid money to any police officer?

3. Do you know a person named William J. Hussey?

Kaminetsky refused to answer those questions upon the ground that the answers might incriminate him. Thereupon, pursuant to Section 2447 of the Penal Law of the State of New York, immunity from State prosecution was duly conferred upon the said witness. Despite such conferring of immunity, the witness persisted in his refusal to answer the said questions upon the same ground, previously urged by him. Contempt proceedings were initiated and a hearing was held. He was adjudged in contempt. On July 23, 1964, the said Supreme Court issued an order of commitment, sentencing him to a term of thirty days and a

fine of $250, or in lieu thereof, an additional thirty days.

### THE PETITION OF KAMINETSKY FOR REMOVAL OF THE PROCEEDING TO THIS COURT

On August 27, 1964, Kaminetsky filed a petition in this Court for removal of the proceeding to this Court, pursuant to 28 U.S.C. § 1443. The said statute provides that an action pending in a State Court may be removed to the Federal Court by a party thereto "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States."

The principal contention of the petitioner is that prior to the date of his appearance before the State Grand Jury, he was charged in this Court with a violation of the wagering tax provision of the Internal Revenue Code. In his petition he states, viz.:

"The facts under which said prosecution [in this Court] is pending are inextricably involved with the interrogatories put by the Grand Jury. If the petitioner were to answer questions put to him by the Grand Jury, he would be deprived of many facets of a fair trial before the United States District Court for the Eastern District of New York."

In People ex rel. Cirillo v. Warden of City Prison, 11 N.Y.2d 51, 226 N.Y.S.2d 398, 181 N.E.2d 424 (February 22, 1962) the relator's conviction for contempt, after he had been accorded immunity, was upheld. See also Matter of Second Additional Grand Jury of the County of Kings v. Cirillo, 12 N.Y.2d 206, 237 N.Y.S.2d 709, 188 N.E.2d 138, 94 A.L.R.2d 1241 (January 23, 1963).

In Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S. Ct. 1594, 12 L.Ed.2d 678 (June 15, 1964) it appears that the petitioners, after they had been accorded immunity from prosecution in the States of New York and New Jersey, were held in contempt for refusal to testify at a hearing before the Waterfront Commission. At page 79, 84 S.Ct. at page 1610, the Court stated:

"It follows that petitioners here may now be compelled to answer the questions propounded to them. At the time they refused to answer, however, petitioners had a reasonable fear, based on this Court's decision in Feldman v. United States [322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408], supra, that the federal authorities might use the answers against them in connection with a federal prosecution. We have now overruled Feldman and held that the Federal Government may make no such use of the answers."

In the Feldman case, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408, the Court had held that testimony compelled by a State could be introduced into evidence in the Federal Courts.

In construing a removal statute, similar to the said 28 U.S.C. § 1443, the Supreme Court of the United States in the case of Commonwealth of Kentucky v. Powers, 201 U.S. 1, 30, 31, 26 S.Ct. 387, 50 L.Ed. 633, decided on March 12, 1906, held that the statute did not give the right of removal unless the constitution or the laws of the State in which the criminal prosecution was pending denied or prevented the enforcement in the judicial tribunals of such State of the equal rights of the accused as secured by any law of the United States.

A State Court should not be rendered impotent whenever a litigant therein disagrees with its procedure.

Should an attempt be made to introduce the petitioner's answers, given to the State Grand Jury, in the action pending in this Court, the petitioner, Kaminetsky, will have his remedy. To say the least, his objection at this time is premature.

Other contentions, advanced by him have been considered and found to lack merit.

The motion is granted in all respects. The proceeding is remanded to the State Court and it is so ordered.