Breitel, J.
Defendants appeal from an order of the Appellate Division reinstating an indictment against them following that court’s reversal of an order granting their motions to suppress. The suppressed evidence consisted of recorded conversátions *349 obtained through the use of electronic devices authorized by an order of eavesdropping pursuant to section 813-a of the Code of Criminal Procedure. Also involved were two pistols obtained as incident to arrests made on the basis of information obtained under the eavesdropping order. The Supreme Court had not only granted the motions to suppress but as a further consequence of the suppression dismissed the indictment. The recent decision in Berger v. New York (388 U. S. 41) by the Supreme Court of the United States held unconstitutional the applicable eavesdropping statute. In consequence, the court is constrained to hold that the evidence obtained in this case, as well as the “fruits” of such evidence (the two pistols), were illegally obtained and they must be suppressed (Mapp v. Ohio, 367 U. S. 643), and the indictment dismissed.
Defendants had been indicted for conspiracy to commit murder and for possession of revolvers. Defendants’ conversations had been overheard and recorded by electronic devices. The conversations revealed a plot to murder witnesses against the defendants (who have been identified as associated with organized crime) in a larceny investigation including the obtaining of suitable weapons sufficient to “ blow big holes in stoolies ” with especially deadly “dum dum” bullets. The electronic devices had been installed as a part of the larceny investigation by the police after obtaining a éourt order under a statute of a kind that for many years had been sustained as valid in the State courts and had never been struck down by the Supreme Court. The police, therefore, were acting in good faith under a statute believed valid by many.
Of course, the statute now having been held invalid, as violative of the Fourth Amendment of the Federal Constitution, it is as if there had never been any valid authority for the police to act as they did. However, it is not the Fourth Amendment which excludes expressly evidence obtained illegally but decisional rules developed by the courts and applied to the States under the holding in Mapp v. Ohio (367 U. S. 643, 648, 650-653, 657-660, supra). These were adopted as a necessary corollary to deter police officials from deliberately violating constitutional rights in order to further their prosecutorial ends with practical impunity. With this policy of deterrence there may no longer *350 be any quarrel. The trouble in eases like this, however, is that the police were acting in good faith under .statutes they had reasonable basis to believe to be valid. Indeed,- they were under a duty to use the statutes until some high court would determine otherwise. Under such circumstance the policy of deterrence of public officials who misconduct themselves is not applicable. If the policy were limited to bad faith situations the results would be completely understandable and logically defensible. Yet the exclusionary rules have been applied without recognition of these differences and the would-be murderers must go free. This is not easy to understand or to explain.
Accordingly, the order of the Appellate Division must be reversed, the motion to suppress granted, and the indictment dismissed.