The **UNITED STATES** of America ex rel. Alfred CIFFO,

v.

John J. McCLOSKY, Sheriff of the City of New York and Milton Reiner, Warden of the City Jail of the City of New York, having custody of Alfred Ciffo, Respondent.

No. 67 Civ. 3673.

United States District Court
S. D. New York.

Oct. 2, 1967.

Aaron Koota, Dist. Atty., of Kings County, for respondent.

Marvin Preminger, Brooklyn, N. Y., for petitioner.

MEMORANDUM

TYLER, District Judge.

Petitioner is presently confined in New York City's civil jail, having been adjudged in contempt of court by Hon. Vincent D. Damiani, one of the Justices of the Supreme Court of the State of New York, Kings County. Justice Damiani's order of detention was affirmed by the Appellate Division, Second Department, by an order dated May 29, 1967, and leave to appeal to New York's Court of Appeals was denied by Chief Judge Stanley H. Fuld in a certificate dated June 19, 1967.

In April of this year, petitioner appeared pursuant to subpoena before a Kings County grand jury conducting an investigation into the illegal importation of cigarettes without payment of the proper taxes. After being granted immunity, petitioner refused to answer certain questions propounded to him by the grand jury and was held in contempt for this refusal.

Petitioner's first claim is that these questions were based on information obtained by New York State authorities through the use of wiretaps placed on his telephone and therefore they need not be answered. He further claims that since he is a resident of Florida and Florida might also decide to prosecute him for similar tax violations, the grant of immunity offered by New York was constitutionally insufficient in that it did not offer him immunity from Florida prosecution.

Counsel for respondent properly frames the first issue as the right of a witness to question the source or evidentiary basis of the questions asked by the grand jury. Petitioner cites no precedent for such right and I have found none. He has not made any evidentiary showing that the state did in fact use wiretap devices on his telephone, but even if he had, he still could not object to the grand jury's questioning on this ground.

Assuming relevance and no conflict with the privilege against self-incrimination, the form and content of a grand jury's questions is a matter of complete discretion with it. In re Grand Jury Investigation of Giancana, 352 F.2d 921 (7th Cir. 1965).

The recent Supreme Court decision of Berger v. State of New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967), finding this state's eavesdrop statute unconstitutional does not

affect this result. Though it can be argued that the decision casts heavy doubt on the constitutionality of New York's wiretap statute, the remedy prescribed by the Supreme Court was exclusionary in nature—*i. e.* it would enable a defendant to have an indictment based on eavesdrop evidence heard by the grand jury dismissed. People v. Grossman, 20 N.Y.2d 346, 283 N.Y.S.2d 12, 229 N.E.2d 589 (1967). It does not, however, permit him to refuse to answer grand jury questions. This is true regardless of whether they are queries suggested by the prosecution on the basis of its knowledge gained from wiretap or eavesdrop recordings.

■ Petitioner's second claim is equally without merit. He does not deny that the immunity granted him by the grand jury precludes the use of his testimony, or any fruits thereof, in any subsequent federal or state criminal proceeding. Murphy v. Waterfront Comm'n, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). Instead, he claims that his privilege against self-incrimination is violated in that there is no guarantee that a criminal prosecution will not be commenced against him at some future time in Florida.

■ As explained by the Supreme Court in *Murphy,* however, an immunity statute need not grant transactional immunity to be constitutional. So long as the government is forced to seek independent evidence to prosecute the witness, he is no worse off for having testified under a grant of immunity than if his claim of privilege was unquestioned in the first instance. If, after a grant of immunity, some other jurisdiction decides to press charges against the witness, it will have the burden of proving that the new evidence it introduces has an independent source. *Murphy, supra* at 79 n. 18, 84 S.Ct. 1594.

Under these circumstances, the petition for habeas corpus must be and is denied in all respects. It is so ordered.