**Application of Jerry LONGO and Carlo A. Piccioli, Petitioners, to restrain the District Attorney of Nassau County, New York and the January 1966 Nassau County Hold-Over Grand Jury, Respondents, from interfering with petitioner's rights to a fair trial in the United States courts.**

**No. 67 Civ. 4685.**

United States District Court
S. D. New York.

Dec. 8, 1967.

Irving Anolik, New York City, for petitioner.

*Memorandum Decision*

MOTLEY, District Judge.

Petitioners seek an order restraining the District Attorney of Nassau County and the Hold-Over Grand Jury of January 1966 of Nassau County, from compelling petitioners to testify about the circumstance of their federal arrests. Petitioners have been before this Grand Jury on previous occasions and have claimed their privilege against self-incrimination. The Grand Jury has conferred immunity upon them to compel testimony. Petitioners, rather than answer, have been held in contempt. They allege that the process will be repeated today. They claim that they should not be compelled to testify because the Grand Jury cannot confer immunity upon them for a pending federal crime. Petitioners have been arrested but not indicted for any federal offense.

Petitioners misconceive the scope of the immunity to which they are entitled and also misunderstand the effect of testimony before this Grand Jury under compulsion.

■ Petitioner may be compelled to give incriminating testimony if "the compelled testimony and its fruits cannot be used in any manner by federal officials in connection with a criminal prosecution against him". Murphy v. Waterfront Commission, 378 U.S. 52, 79, 84 S.Ct. 1594, 1609, 12 L.Ed.2d 678 (1963). The immunity need not be "transactional immunity". United States ex rel. Ciffo v. McClosky, 273 F.Supp. 604, 606 (S.D.N.Y.1967). This immunity is granted to petitioners by their testimony under compulsion, *Murphy*, supra, and precludes the use of this testimony or the fruits thereof, in any subsequent federal or state criminal proceeding. Ibid.; *Ciffo*, supra.

"The Federal Government must be prohibited from making any such use of compelled testimony and its fruits. This exclusionary rule, while permitting the States to secure information necessary for effective law enforcement, leaves the witness and the Federal Government in substantially the same position as if the witness had claimed his privilege in the absence of a state grant of immunity". *Murphy*, supra, 378 U.S. at p. 79, 84 S.Ct. at p. 1609.

"So long as the government is forced to seek independent evidence to prosecute the witness, he is no worse off for having testified under a grant of immunity then if his claim of privilege was unquestioned in the first instance. If, after a grant of immunity, some other jurisdiction decides to press charges against the witness, it will have the burden of proving that the new evidence it introduces has an independent source. *Murphy*, supra at 79 n. 18, 84 S.Ct. 1594". United States ex rel. Ciffo v. McClosky, supra, 273 F.Supp. at p. 606.

■ This rule does not change even if a federal criminal case is pending when the witness is compelled to testify. See, In re Kaminetsky, 234 F.Supp. 991

(E.D.N.Y.1964). "Should an attempt be made to introduce the petitioner's answers, given to the State Grand Jury, in the action pending in the Court, the petitioner, * * *, will have his remedy." Id. at p. 992. See *Murphy*, supra, 378 U.S. at p. 79, 84 S.Ct. at p. 1609, n. 18.

Petitioners further claim that the compelled testimony could be used for impeachment purposes, citing Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). In light of what we have said above, and Murphy v. Waterfront Commission, supra, we do not believe this to be the case. In addition, it should also be noted that those in the Grand Jury room are sworn to secrecy: N.Y.Code Crim.Pro. §§ 238, 239, 240, 257, 258, 952–r. All of this indicates that petitioner is no worse off by testifying before the Grand Jury than he would be if he claimed his privilege. For these reasons, the court declines to enter the requested order.