Revesz, Appellant, *v.* Doehler Jarvis, Division of National Lead Co., et al., Appellees.

[Cite as Revesz v. Doehler Jarvis, 14 Ohio App. 2d 156.]

(No. 6388—Decided May 22, 1968.)

*Mr. John J. Schlageter* and *Mr. Barry E. Savage,* for appellant.

*Messrs. Shumaker, Loop & Kendrick, Mr. Robert B. Gosline* and *Mr. Donald M. Mewhort,* for appellees.

Smith, P. J. This is an appeal on questions of law from two final orders in the Common Pleas Court, one rendering judgment for the defendant-appellee Doehler Jarvis, Division of National Lead Company, on motion for

summary judgment filed by that company, and the other an order quashing service of summons on defendant-appellee Ridge Machine Company on the motion of such company.

The petition was filed against defendants-appellees on on May 19, 1967, seeking damages for personal injuries alleged to be caused by a defect in the casting machine which appellant was operating in the factory of Doehler Jarvis, Division of National Lead Company, purchased from defendant-appellee Ridge Machine Company, on the ground of breach of implied warranty that such machine was fit for the particular use or purpose for which it was manufactured, maintained and utilized with reasonable safety to the operator appellant.

The motion for summary judgment was filed on June 21, 1967. The motion to quash service of summons on Ridge Machine Company was filed on June 22, 1967. Thereafter, on November 14, 1967, judgment was entered granting such motion for summary judgment in favor of Doehler Jarvis, etc., and the petition was dismissed. On the same day, November 14, 1967, judgment was rendered granting the motion of Ridge Machine Company to quash service of summons on such company.

No answer or other pleadings to the petition were filed in the case by the defendants-appellees.

Attached to the motion for summary judgment and submitted to the court was evidence in the form of affidavits, documents and papers. The motion to quash service of summons was supported by evidence by way of an affidavit. Appellant has failed to file a bill of exceptions incorporating the evidence submitted to the court on the hearings on such motions.

This opinion need only reiterate the now well-established law that a reviewing court without a bill of exceptions cannot know what the trial court considered in reaching its conclusions upon the question of law which it decided. Only where there is an authenticated bill of exceptions filed by the trial court and certified can a reviewing court be certain that it has before it on the record all the document

papers and depositions, affidavits and admissions which the court had before it and considered in reaching a decision. Therefore, on that ground the judgments should be affirmed as to the two final orders. *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143; *Crow* v. *Brite Metal Treating, Inc.*, 9 Ohio St. 2d 63; *Tenesy* v. *Cleveland*, 133 Ohio St. 251; *Allstate Ins. Co.* v. *Dye*, 113 Ohio App. 90. However, in the case at bar this court is precluded from affirming the decision on the motion for summary judgment for the reason that the motion for summary judgment was prematurely filed and the trial court should have overruled such motion for that reason.

Section 2311.041, Revised Code, expressly prescribes the time when such motion may be filed, to wit, "at anytime after the action is at issue." This court quoted that section in *Bowlds* v. *Smith*, 114 Ohio App. 21, and states on page 23 in the opinion as follows:

"'* * * Thereafter, 'summary judgment shall be rendered forthwith if the *pleadings*, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (Emphasis ours.) *Quaere*: For the purpose of a motion for summary judgment, is the action 'at issue' upon the filing of a petition and before an answer is filed controverting the allegations of the petition?

"The question was not in issue in the only reported cases in Ohio, namely *Priester* v. *State Foundry Co.*, 172 Ohio St. 28, and *Petroff* v. *Commercial Motor Freight, Inc.*, 82 Ohio Law Abs. 433, in which the motions were filed after answers to the petitions had been filed. In *Perkins* v. *Industrial Commission*, 106 Ohio St. 233, 238, it is said:

"'The function of pleadings is to define issues by a statement in the petition, of facts making up the cause of action, and an admission or denial of those facts in the answer.'"

The amendment to such section, effective November 9,

1959, does not in any way change the time when the motion for summary judgment is authorized to be filed.

This court had this question before it in *Miller* v. *Cohen*, 3 Ohio App. 2d 71, where the motion for summary judgment was filed before the plaintiff had an opportunity and right to a denial by reply to the affirmative defense of *res judicata*, and, on page 76 in the opinion, it is said:

"* * * Such procedure does not constitute a waiver by plaintiffs, and certainly not to be waived by the court, of their opportunity and right to a denial by reply and to thereby establish an issue of fact joined on the pleadings as provided by Section 2311.03, Revised Code. Until such time, the action cannot be said to be at issue as provided by the statute and the motion for summary judgment, not filed as provided by Section 2311.041, Revised Code, is therefore premature."

The Legislature, in Section 2311.02, Revised Code, has definitely spoken on the subject matter of how an issue in a case arises, wherein it enacts:

"Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. They are of two kinds:

"(A) Issues of law;

"(B) Issues of fact."

Especially pertinent in consideration of a motion for summary judgment where the court must determine whether or not there is a genuine issue of fact is Section 2311.03, Revised Code, which enacts:

"An issue of fact arises:

"(A) upon a material allegation in the petition denied by the answer;

"* * *."

Counsel for appellee Doehler Jarvis, Division of National Lead Company, has cited the case of *Weiner* v. *Crouch, Dir.*, 120 Ohio App. 49, as being contrary to the above authority. In that case no answer had been filed and, on the motion, summary judgment was rendered after a consideration of the petition and a stipulation of facts

160

submitted by the parties. In the opinion appears the naked statement that "there is every indication that the stipulation of facts was filed in lieu of any pleading." Such a cavalier statement cannot be accepted by this court, which would require us to arbitrarily read into Section 2311.041, Revised Code, something which is not there.

The time for filing a motion for summary judgment is "after the action is at issue." The action is not at issue until an answer is filed. The court cannot supply a substitute for an answer, that is a stipulation of facts in lieu of an answer. *A fortiori*, affidavits filed with a motion for summary judgment do not constitute a substitute for an answer for the purpose of placing the case at issue. This is a deliberate circumvention of the plain provision of the statute as to the unequivocal time when a motion for summary judgment may be filed.

The cardinal rule of statutory construction is that a clear and simple statute means what it says, no more, no less. The court can explain and expound the statute but not alter, amend, or vary, as in this case, the time prescribed in the statute for filing a motion for summary judgment. The language "after the action is at issue" cannot be misconstrued to accomplish a meaning not indicated or inferred in the statute. An answer cannot be equated with a stipulation of facts or in this case an affidavit, documents and papers.

It is concluded, therefore, that the error assigned by appellant as to the judgment quashing service of summons on defendant-appellee Ridge Machine Company cannot be disclosed in the absence of a bill of exceptions, and this court has no alternative but to affirm such judgment. The judgment in favor of the defendant-appellee Doehler Jarvis, Division of National Lead Company, on motion for summary judgment, prematurely filed, is reversed, and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment affirmed in part and reversed in part.*

BROWN and STRAUB, JJ., concur.