## Marine Midland Trust Company of Southern New York v. Douvanis

*J. Jackson Eaton, 3rd,* and *Butz, Hudders & Tall-man,* for plaintiff.

*James G. Kellar,* for defendant.

WIEAND, J., October 13, 1970.—Socrates J. Douvanis, defendant in these proceedings, was the endorser of a note made payable to Marine Midland Trust Company of Southern New York, plaintiff. When the makers failed to pay the note, plaintiff bank instituted an action in assumpsit on defendant's endorsement and ultimately recovered a judgment against him for $26,434.88.

Plaintiff has now given notice pursuant to Pa.

R. C. P. 3117 that it intends to take the depositions of defendant and his accountant for the purpose of discovering assets against which execution may be issued. Defendant and his accountant object to such discovery, and the validity of those objections is now before the court for determination.

In support of his objections, defendant asserts the privilege against self-incrimination which is guaranteed by the Pennsylvania Constitution and by the Fifth Amendment to the Constitution of the United States. The privilege against self incrimination accorded by the Fifth Amendment to the United States Constitution is now protected against abridgment by the States under the due process clause of the Fourteenth Amendment: Malloy v. Hogan, 378 U. S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653; Commonwealth v. Carrera, 424 Pa. 551.

We believe defendant's position is not well taken. In the first place, it is premature. The privilege against self incrimination may not be asserted in advance of questions actually propounded: United States v. Harmon, 339 F. 2d 354 (C. A. 6); United States v. Cahn, 282 F. Supp. 275 (D. C. E. D. N. Y.)

Secondly, there is no evidence before the court to permit a finding that there is a real danger that defendant's answers would be incriminating or that he would face criminal liability as a result thereof. The constitutional privilege against self incrimination, it has been said, "is confined to real danger and does not extend to remote possibilities out of the ordinary course of law": Heike v. United States, 227 U. S. 131, 144, 33 S. Ct. 226, 228, 57 L. Ed. 450; Brown v. Walker, 161 U. S. 591, 16 S. Ct. 644, 40 L. Ed. 819; Mason v. United States, 244 U. S. 362, 37 S. Ct. 621, 61 L. Ed. 1198.

In the instant case, there are no investigations being conducted by plaintiff, by the police or by a grand

jury into any criminal responsibility of defendant. The suggestion of defendant's attorney that defendant may be subjected to prosecution as a result of answers given to questions is not supported by substance. The discovery proceedings instituted by plaintiff are limited to a search for assets of defendant, and defendant has failed to show that his responses to questions asked would be incriminating in any way. See Kirtley v. Abrams, 184 F. Supp. 65 (D. C. E. D. N. Y.)

Finally, it is well established that answers may be compelled regardless of the privilege against self-incrimination if there is immunity from Federal and State use of the compelled testimony or its fruits in connection with a criminal prosecution against the person testifying: Gardner v. Broderick, 392 U. S. 273, 88 S. Ct. 1913, 20 L. Ed. 2d 1082.

Immunity in this State is granted to defendant by the Act of May 9, 1913, P. L. 197, sec. 2, 12 PS §2243. Referring to discovery in aid of execution, the statute provides:

"The judgment debtor may be compelled, in the same manner as other witnesses in judicial proceedings, to answer all pertinent questions addressed to him at such examination concerning his property; and he shall not be prosecuted, or subjected to any penalty or forfeiture, for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence, documentary or otherwise, before said court, except for perjury in giving such testimony."

This portion of the statute which confers immunity from prosecution upon the judgment debtor has not been suspended by the Rules of Civil Procedure. See Procedural Rules Committee's Note to Rule 3117 and Rule 3241(84). See also 7 Standard Pa. Prac. page 668, Execution, §469.

Defendant argues that this statutory immunity is inadequate because it does not grant immunity from prosecution in the State of New York, where the note was delivered. In support of this argument, he relies upon the decision in Murphy v. Waterfront Commission of New York Harbor, 378 U. S. 52, 84 S. Ct. 1594, 12 L. Ed. 2d 678. Our review of that decision, and also the interpretation placed thereon by the Supreme Court of Pennsylvania in Riccobene Appeal, 439 Pa. 404, at pages 413-16, persuades us that defendant's reliance is misplaced.

In the Murphy case, witnesses before a board investigating crime had been granted immunity by the States of New York and New Jersey but asserted their privilege against self incrimination on the grounds that they were still subject to Federal prosecution, because the State grants of immunity were not controlling on the Federal courts. The Supreme Court said:

". . . We hold the constitutional rule to be that a state witness may not be compelled to give testimony which may be incriminating under federal law unless the compelled testimony and its fruits cannot be used in any manner by federal officials in connection with a criminal prosecution against him. We conclude, moreover, that in order to implement this constitutional rule and accommodate the interests of the State and Federal Governments in investigating and prosecuting crime, the Federal Government must be prohibited from making any such use of compelled testimony and its fruits. This exclusionary rule, while permitting the States to secure information necessary for effective law enforcement, leaves the witness and the Federal Government in substantially the same position as if the witness had claimed his privilege in the absence of a state grant of immunity.

"It follows," said the court, "that petitioners here

may now be compelled to answer the questions propounded to them."

In Riccobene Appeal, supra, the Supreme Court of Pennsylvania considered the contention made by a witness before an investigating grand jury that despite a grant of immunity under the Act of November 22, 1968, Act no. 22, 19 PS §640.1, et seq., his privilege could be asserted because of the possibility of prosecution by another State. At pages 415 and 416, the court said:

"A number of other Courts have faced this issue since Murphy was decided. They view Murphy as a Constitutional decision, which grants 'use' immunity from prosecution in all other States as well as in the Federal Courts. This was the view taken by the Supreme Court of New Jersey in Ziccarelli v. New Jersey State Commission of Investigation, 55 N. J. 249, 261 A. 2d 129 (1970), when it said page 270: 'It is contended the statutory immunity is inadequate because it does not protect a witness with respect to a prosecution in a sister State or in a foreign land. As to a sister State, it seems clear that if the Fifth Amendment requires protection against the use of the testimony by a sister State, the Amendment itself will provide that protection. Murphy can mean no less. United States ex rel. Ciffo v. McClosky, supra, 273 F. Supp. at 606; Application of Longo, supra, 280 F. Supp. 185 . . .'

"We agree with this view of Murphy. Thus, as the immunity granted Riccobene covered both Pennsylvania and, through Murphy and cases, supra, Federal prosecution, as well as prosecution in other States, it was coextensive with his privilege against self-incrimination and therefore Constitutional."

In United States ex rel. Ciffo v. McClosky, 273 F. Supp. 604 (D. C. S. D. N. Y.), a decision cited in

Riccobene Appeal, supra, the district court upheld a New York State court conviction for contempt occurring when appellant, despite New York's grant of immunity, refused to testify because of possible prosecution by the State of Florida. At page 606, the court said:

"As explained by the Supreme Court in Murphy, however, an immunity statute need not grant transactional immunity to be constitutional. So long as the government is forced to seek independent evidence to prosecute the witness, he is no worse off for having testified under a grant of immunity than if his claim of privilege was unquestioned in the first instance. If, after a grant of immunity, some other jurisdiction decides to press charges against the witness, it will have the burden of proving that the new evidence it introduces has an independent source . . ."

It is true that in Murphy the court sought to accommodate the interests of the State and Federal governments in investigating and prosecuting crime. It is also true that those decisions which have considered the question have arisen from the refusal of witnesses to testify in proceedings that were criminal in nature. We perceive no reason for creating a distinction where, as here, the issue arises in a civil action. The determining factor is the extent of the immunity and not the nature of the proceeding in which it is granted. The immunity granted defendant by the Act of May 9, 1913, supra, and by the decision in the Murphy case is sufficient to require defendant to submit to discovery under Pa. R. C. P. 3117.

Defendant also contends, as does his accountant, that the information which the accountant possesses concerning defendant's financial affairs is confidential and privileged. They rely upon the Act of May 26, 1947, P. L. 318, as amended, 63 PS §9.11a, which provides as follows:

"Except by permission of the client or person or firm or corporation engaging him or the heirs, successors or personal representatives of such client or person or firm or corporation, a certified public accountant or a person employed by a certified public accountant shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed relative to and in connection with any professional services as a certified public accountant other than the examination of audit of or report on any financial statements, books, records or accounts, which he may be engaged to make or requested by a prospective client to discuss. The information derived from or as the result of such professional services shall be deemed confidential and privileged: Provided, however, That nothing herein shall be taken or construed as modifying, changing or affecting the criminal or bankruptcy laws of this Commonwealth or of the United States."

It is to be observed that the statute excludes from the privilege which it creates information acquired by the accountant as a result of "the examination of audit of or report on any financial statements, books, records or accounts, which he may be engaged to make or requested by a prospective client to discuss." In the instant case, the discovery sought by plaintiff extends only to information acquired by the accountant from defendant's books and records. Such information is within the exclusionary language of the statute.

This was the holding in United States v. Bowman, 358 F. 2d 421 (C. A. 3d). In holding that information obtained by an accountant from his client's books and records was not within the statutory privilege, the court observed, at page 423:

"Since the statute is in derogation of the common law which does not accord an accountant-client privilege the privilege which it accords must be strictly

construed. It has long been settled in Pennsylvania that changes in the common law effected by statute must be clearly evidenced therein . . ."

It is to be observed further that in the absence of a privilege extending to defendant's books and records themselves, it is hardly likely that the legislature intended to exclude testimony of one who has examined such books and records and whose testimony is limited to facts derived therefrom.

For these reasons, we find the proposed discovery to be proper and in accordance with law. Defendant's objections will be dismissed.

### ORDER

And now, October 13, 1970, it is ordered that the objections of Socrates J. Douvanis and Wallace J. DeCrosta to the taking of their depositions in aid of plaintiff's execution be and the same are hereby dismissed.