OHIO MOTOR VEHICLE DEALERS BOARD, APPELLANT, *v.*
REMLINGER, APPELLEE.

[Cite as Ohio Motor Vehicle Dealers Bd. *v.* Remlinger (1983),
8 Ohio St. 3d 26.]

(No. 83-3—Decided December 14, 1983.)

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. B. Douglas Anderson,* for appellant.

*Amerman, Burt & Jones Co., L.P.A.,* and *Mr. Richard G. Reichel,* for appellee.

*Messrs. Vorys, Sater, Seymour & Pease, Ms. Virginia M. Trethewey* and *Mr. Terry M. Miller,* for *amicus curiae* Chrysler Corp.

CLIFFORD F. BROWN, J. The sole issue is whether the trial court abused its discretion in not compelling Remlinger to testify before the administrative board following the board's appeal to the court of common pleas pursuant to R.C. 119.09. We hold the trial court did abuse its discretion in not compelling Remlinger to testify, and that the court of appeals committed reversible error in affirming the trial court.

R.C. 119.09 requires:

"In any case of disobedience or neglect of any subpoena served on any person or *the refusal of any witness to testify to any matter regarding which he may lawfully be interrogated,* the court of common pleas of any county where such disobedience, neglect, or refusal occurs or any judge thereof, on application by the agency *shall compel obedience by attachment proceedings for contempt,* as in the case of disobedience of the requirements of a subpoena issued from such court, or a refusal to testify therein." (Emphasis added.)

The court of common pleas must fulfill the mandatory duty imposed upon it by R.C. 119.09 to compel obedience by attachment proceedings when a witness refuses to testify to matters relevant in an R.C. 119.09 administrative hearing, limited only by the right of the witness to refuse to testify at such hearing based upon his Fifth Amendment privilege against criminal self-incrimination or any other applicable privilege the witness may assert. *Gardner* v. *Broderick* (1968), 392 U.S. 273, 276-278; *Mouser* v. *Pub. Util. Comm.* (1931), 124 Ohio St. 425, 428; *Childs* v. *Shiltz* (C.A. 4, 1977), 556 F. 2d 1178; *Marsh* v. *Civil Service Comm.* (1977), 64 Ohio App. 2d 151 [18 O.O.3d 112]; *Ohio State Medical Bd.* v. *Zwick* (1978), 59 Ohio App. 2d 133 [13 O.O.3d 178].

The hearing examiner's ruling on the relevancy of testimony is a matter for judicial review on appeal, and not a matter to be second-guessed while a hearing is in progress, by virtue of the fifth paragraph of R.C. 119.09 which provides:

"The agency shall pass upon the admissibility of evidence, but a party may at the time make objection to the rulings of the agency thereon, and if the agency refuses to admit evidence, the party offering the same shall make a proffer thereof, and such proffer shall be made a part of the record of such hearing."

Any other solution than we have prescribed here would cause administrative hearings to cease having the integrity of a fact-finding adjudication subject to judicial review, and would easily be disrupted and stonewalled.

The statutes, R.C. 119.09 and 119.12, are free from ambiguity and are not subject to judicial modification under the guise of interpretation. See *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105-106 [65 O.O.2d 296]; *Crowl* v. *DeLuca* (1972), 29 Ohio St. 2d 53, 58-59 [58 O.O.2d 107]; *Revesz* v. *Doehler Jarvis* (1968), 14 Ohio App. 2d 156, 160 [43 O.O.2d 344].

The appellant needed only to establish that the witness was asked "to testify to any matter regarding which he may lawfully be interrogated," *i.e.,* not privileged or subject to Fifth Amendment protection. There was no burden on the agency to prove to the court of common pleas its reasons for considering the testimony to be relevant.

Moreover, the question concerning the capital investment available to the witness Remlinger for the dealer franchise was relevant as a factor for the court under R.C. 4517.55 in reviewing whether the failure to renew a franchise is with good cause. If it is a statutory factor to consider in a failure to renew a franchise it is relevant to the application for initial issuance of a franchise. Relevancy of such testimony sought was for the administrative hearing officer's determination, where the necessary expertise pertaining to this particular field exists, and not for the court of common pleas to determine. *Farrand* v. *State Medical Board* (1949), 151 Ohio St. 222, 224-225 [39 O.O. 41]. When a franchise hearing is held pursuant to R.C. 4517.50, the board must consider the factors listed in R.C. 4517.51, but it is expressly not limited to those factors.

The judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and J. P. CELEBREZZE, JJ., concur.

LOCHER, J., concurs in judgment only.

HOLMES, J., dissents.

HOLMES, J., dissenting. I dissent, in that the witness did testify sufficiently to satisfy the requirements of proof of capital investment proposed for this dealership. The applicant witness testified that his investment would be in a "six figure" category. The hearing here involved an existing dealer of known repute and worth, and one who had been accepted by the manufac-

turer for this dealership.[1] This was not a witness of unknown capability or financial recognition in the community at large. To require him to testify to, or produce, actual proposed investment was unnecessary and beyond the reasonable needs of the hearing.

There was no abuse of discretion on the part of the trial court or the court of appeals in not compelling Remlinger to testify to the exact amount of the proposed capital investment in such dealership. I would affirm the judgment of the court of appeals.

---

[1] As a matter of fact, the issue is moot at this point, in that the manufacturer has authorized the establishment of this dealership which is now, according to counsel, operating in Massillon.