## CIRCUIT COURT OF FAIRFAX COUNTY

Dickstein, Shapiro and Morin

v.

Reynaldo A. Liboro
and Elizabeth V. Liboro

February 13, 1989

Case No. (Chancery) 106670

By JUDGE F. BRUCE BACH

This matter is before this Court on Dickstein's motion to strike Reynaldo Liboro's answer and for sanctions and Liboro's motion for a protective order. The issue is, did Liboro waive his Fifth Amendment privilege against self-incrimination.

It is my opinion that Liboro did not waive his privilege against self-incrimination. Furthermore, Liboro's motion for a protective order is denied.

Liboro has (1) filed a verified answer in this case in which he specifically denied or admitted the individual factual allegations found in the plaintiff's bill of complaint; (2) affirmatively asserted the defenses of waiver, estoppel and laches, statute of limitations, contributory negligence, and assumption of the risk; and (3) filed an affidavit stating that he never authorized the law firm of Anderson, Hibey, Nauheim and Blair to represent him. Based on these filings, Dickstein asserts that Liboro has voluntarily waived his privilege.

The U. S. Supreme Court in *Arndstein v. McCarthy*, 254 U.S. 71, 41 S. Ct. 26 (1920), set forth the standard for determining when the Fifth Amendment right has been waived, particularly in a civil proceeding. The Court, in addressing whether a bankrupt individual had waived

the right by filing verified schedules stating his assets and liabilities, stated:

> The schedules, standing alone, did not amount to an admission of guilt or furnish clear proof of crime, and the mere filing of them did not constitute a waiver of the right to stop short whenever the bankrupt could fairly claim that to answer might tend to incriminate him.

*Id.* at 26.

Liboro simply denied and admitted facts already set forth by the plaintiff in its bill of complaint; he set forth no new facts in his answer. Applying the *Arndstein* test, none of the admissions or denials "amount to an admission of guilt or furnish clear proof of crime" hence the Fifth Amendment privilege has not been waived. The same analysis must be used with regard to the affidavit submitted by Liboro. The affidavit simply verifies his residence and the assertion that he never authorized representation by Anderson, Hibey, Nauheim and Blair. Such statements do not incriminate Liboro and may not be used as a basis to conclude that he waived his Fifth Amendment privilege.

Lastly, Liboro affirmatively asserted a number of defenses. Although the Court in *Arndstein* did not address whether the filing of affirmative defenses would effectively waive the Fifth Amendment, the U. S. District Court in *United States v. 47 Bottles*, 26 F.R.D. 4 (D. N.J. 1960), employed the *Arndstein* standard in determining whether the filing of affirmative defenses waives the right against self-incrimination. That court concluded that if the affirmative defenses do not amount to an admission of guilt or furnish clear proof of crime, then there has been no waiver. *Id.* at 8. The defenses asserted fail this test.

Despite Liboro's proper invocation of his right against self-incrimination, it is my opinion that portions of Liboro's answer, all of the affirmative defenses, and the affidavit are to be stricken.

Section 8.01-401(B) provides that "[i]f any party required by another to testify on his behalf refuses to testify, the Court, officer or person before whom the proceeding is pending may . . . strike out and disregard

the plea, answer, or other defenses of such party, or any part thereof, as justice may require." The Virginia Supreme Court in *Davis v. Davis*, 233 Va. 452 (1987), discussed both the "shield and sword" doctrine and Section 8.01-401(B). Implicit within that decision is the conclusion that even if the Fifth Amendment privilege is properly invoked, § 8.01-401(B) is still applicable.

Liboro explicitly denied portions of Dickstein's bill of complaint, asserted five affirmative defenses, and submitted an affidavit which contains statements regarding his place of residence and his hiring of counsel. At his telephonic deposition, Liboro refused to testify as to any facts which would provide the basis for his denials and affirmative defenses and any facts regarding his residence and the hiring of counsel. In fairness to Dickstein and in order to prevent Liboro from using the Fifth Amendment as a "sword" rather than a "shield," the denials about which Liboro refuses to testify, the affirmative defenses and the affidavit are stricken. Mr. Liboro has ten days to replead by asserting the Fifth Amendment.

Lastly, Liboro's motion for a protective order is denied.