### ROGERS v. UNITED STATES.

### BLAU v. UNITED STATES.

#### Nos. 3826, 3846.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1950.

Rogers Case: Writ of Certiorari Denied
May 15, 1950.

Blau Case: Writ of Certiorari Granted
May 15, 1950.

See 70 S.Ct. 979.

Samuel D. Menin, Denver, Colo., for appellants.

M. H. Goldschein, Washington, D. C. (Max M. Bulkeley, U. S. Atty., Joseph N. Lilly, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The appellants in these two cases, together with the appellants in cases numbered 3768, 3769, 3770, 3782, and 3783, decided by our Court January 5, 1950, Rogers v. United States, 10 Cir., 179 F.2d 559, were called as witnesses before a grand jury regularly convened for the United States District Court for the District of Colorado. They were also asked certain questions with respect to their membership in the Communist Party, their knowledge of its membership, of its officers, its books and records, etc. The questions were in the main identical with those set out in detail in the above cited cases. They both refused to answer on the ground that their answers might tend to incriminate them. These cases are like that of Nancy Wertheimer v. United States, supra, in that appellants refused to answer any question showing membership in connection with, or knowledge of activities of the Communist Party of Colorado. A formal presentment was filed against Tracy Roy Rogers before the District Court. No formal presentment was filed in the case of Patricia Blau. Specific questions were propounded to them in the presence of the District Court, and they were directed by the court to answer them. They based their refusal to do so on the ground that their answers might tend to incriminate them. Continuing to refuse to answer, they were found guilty of contempt and sentence was imposed upon

them. These appeals challenge the correctness of those judgments.

In Jane Rogers, et al. v. United States, supra, we reviewed the authorities at length which controlled the disposition of these appeals. In the interest of brevity, we will not repeat what was said there, but incorporate by reference the applicable principles set out in that opinion.

In Number 3826, Tracy Roy Rogers v. United States, the presentment of the grand jury stated that the grand jury undertook an inquiry concerning various employees of the United States Government who had allegedly made false statements in connection with their loyalty investigation, in violation of Section 80 [revised §§ 287, 1001], Title 18 U.S.C.A., and other criminal laws of the United States.

In the case of Patricia Blau, no formal presentment was lodged.

As in the other cases, for the purpose of passing upon the rights of those appellants to refuse to answer the question propounded to them, the subject of investigation as stated in the presentment in the case of Tracy Roy Rogers will be accepted as the object of the grand jury's investigation.

In Number 3769, Nancy Wertheimer v. United States, we held that within the scope of the grand jury investigation and within the posture of the case before the trial court on the citation for contempt, her refusal to answer concerning her connection with the Communist Party on the ground that her answer might incriminate her was warranted, and that she was not required to give any answer or explanation why her answer might tend to incriminate her. But here, Patricia Blau and Tracy Roy Rogers both gave their reasons for refusing to answer the questions propounded to them. Thus Tracy Rogers, in response to the court's inquiry whether he desired to answer the question, stated: "I do not, sir. I decline to answer that question on the grounds that it would tend to incriminate me in view of the indictments under which the twelve national leaders of the Communist Party are being prosecuted and where one of the indictments holds that to be a member of the Communist Party is a crime." And, "While I agree that it is not a crime to be a member of the Communist Party, nevertheless people are being prosecuted for such, and the outcome of this case may well have a bearing on the testimony that I give before this Court."

Patricia Blau, in response to the same inquiry by the court, stated: "My answer, in substance, was that since there are twelve national leaders of the Communist Party under indictment at this moment by the Department of Justice in the Southern District of New York, I believe that my expressing knowledge, intimate knowledge, of the Communist Party in this state would tend to incriminate me under the Smith Act, because the Smith Act specifically says that they wilfully and knowingly did conspire with each other and with divers other persons to the grand jurors unknown, and that my answering a question which would associate myself with the leadership of the Communist Party would tend to incriminate me under the Smith Act."

And, again she stated: "Yes, I persist in the answer, that my sole answering a question as to show that I have intimate knowledge of the structure of the Communist Party, at a time when Attorney General Clark has declared the Communist Party to be a subversive organization, with Truman's loyalty order, has declared it to be an agent of a foreign power, expressions with which I disagree—however, they are the law of the land at the moment —and I therefore feel that I must uphold my constitutional right not to have to answer these questions."

■ The status of the Communist Party of the United States is somewhat shrouded with uncertainty and confusion. There have been expressions of numerous ones holding high official positions that the Communist Party is dedicated to the forcible overthrow of the Government and is, therefore, an unlawful organization. However, the decisions of the courts presently

are to the effect that membership in the Party is not of itself an offense.[1]

These appellants did not base their refusal to answer the questions on the grounds that their answers might tend to incriminate them within the scope of the grand jury investigation. Rather they based it upon the ground that admitting their membership in, or connection with, the Communist Party constituted a criminal offense and subjected them to criminal prosecution. In this, they were wrong and they were therefore not warranted in refusing to answer.

The judgments in both Number 3826—Tracy Roy Rogers v. United States of America, and Number 3846—Patricia Blau v. United States of America, are severally affirmed.

Judge BRATTON concurs in the result.

1. Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; Dunne v. United States, 8 Cir., 138 F.2d 137.