## BLAU v. UNITED STATES.

No. 22.   Argued November 7, 1950.—Decided December 11, 1950.

*Samuel D. Menin* argued the cause and filed a brief for petitioner.

*Solicitor General Perlman* argued the cause for the United States.   With ·him on the brief were *Assistant Attorney General McInerney, John F. Davis* and *J. F. Bishop.*

MR. JUSTICE BLACK delivered the opinion of the Court.

In response to a subpoena, petitioner appeared as a witness before the United States District Court Grand Jury at Denver, Colorado.   There she was asked several

questions concerning the Communist Party of Colorado and her employment by it.[1] Petitioner refused to answer these questions on the ground that the answers might tend to incriminate her. She was then taken before the district judge where the questions were again propounded and where she again claimed her constitutional privilege against self-incrimination and refused to testify. The district judge found petitioner guilty of contempt of court and sentenced her to imprisonment for one year. The Court of Appeals for the Tenth Circuit affirmed. 180 F. 2d 103. We granted certiorari because the decision appeared to deny rights guaranteed by the Fifth Amendment.[2] The holding below also was in conflict with recent decisions of the Fifth and Ninth Circuits. *Estes* v. *Potter,* 183 F. 2d 865; *Alexander* v. *United States,* 181 F. 2d 480.

At the time petitioner was called before the grand jury, the Smith Act was on the statute books making it a crime among other things to advocate knowingly the desirability of overthrow of the Government by force or violence; to organize or help to organize any society or group which

---

[1] The grand jury's questions which petitioner refused to answer were as follows: "Mrs. Blau, do you know the names of the State officers of the Communist Party of Colorado?" "Do you know what the organization of the Communist Party of Colorado is, the table of organization of the Communist Party of Colorado?" "Were you ever employed by the Communist Party of Colorado?" "Mrs. Blau, did you ever have in your possession or custody any of the books and records of the Communist Party of Colorado?" "Did you turn the books and records of the Communist Party of Colorado over to any particular person?" "Do you know the names of any persons who might now have the books and records of the Communist Party of Colorado?" "Could you describe to the grand jury any books and records of the Communist Party of Colorado?"

[2] The Fifth Amendment provides: "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U. S. Const., Amend. V.

teaches, advocates or encourages such overthrow of the Government; to be or become a member of such a group with knowledge of its purposes.[3] These provisions made future prosecution of petitioner far more than "a mere imaginary possibility . . . ." *Mason* v. *United States,* 244 U. S. 362, 366; she reasonably could fear that criminal charges might be brought against her if she admitted employment by the Communist Party or intimate knowledge of its workings. Whether such admissions by themselves would support a conviction under a criminal statute is immaterial. Answers to the questions asked by the grand jury would have furnished a link in the chain of evidence needed in a prosecution of petitioner for violation of (or conspiracy to violate) the Smith Act. Prior decisions of this Court have clearly established that under such circumstances, the Constitution gives a witness the privilege of remaining silent. The attempt by the courts below to compel petitioner to testify runs counter to the Fifth Amendment as it has been interpreted from the beginning. *United States* v. *Burr,* 25 Fed. Cas., Case No. 14,692e, decided by Chief Justice Marshall in the Circuit Court of the United States for the District of Virginia; *Counselman* v. *Hitchcock,* 142 U. S. 547; *Ballmann* v. *Fagin,* 200 U. S. 186; *Arndstein* v. *McCarthy,* 254 U. S. 71; *Boyd* v. *United States,* 116 U. S. 616; cf. *United States* v. *White,* 322 U. S. 694, 698, 699.

*Reversed.*

Mr. Justice Clark took no part in the consideration or decision of this case.

---

[3] 62 Stat. 808, 18 U. S. C. § 2385.