Carswell, J.
(dissenting). Relator, as a material witness, has been committed, in default of furnishing an undertaking, since September 19, 1950. He has never been interrogated by the Grand Jury. On November 29, 1950, an information was filed against relator and others accusing them in the first count, of conspiracy, and in sixty-five additional substantive counts of book-making. On December 4, 1950, relator was arraigned on this information in the Court of Special Sessions and paroled in his, own custody on such arraignment, in view of his being presently held in $250,000 bail as a witness. Relator, on December 7, 1950, entered a plea of not guilty to the information. The District Attorney does not show, and it does not appear, that' the scope of the investigation differs in any substantial particular from the field with which the information in Special Sessions is concerned. A substantial difference not having been shown, the relator may not be held, as a defendant and as a witness at the same time, or interrogated as a witness without possible immunization. (Blau v. United. States, 340 U. S. 159, decided December 11, 1950.) A different situation would exist if the prosecution in which the relator is named as a defendant related to a field other than that covered by the Grand Jury investigation. In such an event the relator might be held both as a defendant and as a witness. The public interest may and should be subserved by rearraigning the relator in the Court *553 of Special Sessions so that he may be held in substantial and adequate bail as a defendant pending his release from custody as a witness.
Nolan, P. J., and Sneed, J., concur with Johnston, J.; Cars-well, J., dissents and votes to sustain the writ and to discharge the relator, without prejudice to his rearraignment as a defendant for the fixation of adequate bail, with memorandum, in which Wenzel, J., concurs.
Writ of habeas corpus dismissed and relator remanded.