**Maurice CARROLL, Appellant,**

v.

**Joseph SAVORETTI, District Director of the United States Immigration and Naturalization Service, Miami, Florida, Appellee.**

**No. 15150.**

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

9. N. L. R. B. v. Anchor Rome Mills, Inc., 5 Cir., 197 F.2d 447; Jackson Packing Co. v. N. L. R. B., 5 Cir., 204 F.2d 842; N. L. R. B. v. Barrett Co., 7 Cir., 120 F.2d 583 at page 586.

Louis Glick, Miami, Fla., John M. Coe, Pensacola, for appellant.

James L. Guilmartin, U. S. Atty., Douglas P. Lillis, Acting Dist. Counsel, Immigration & Naturalization Service, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

The appeal in this case presents as its primary question the question presented and this day decided in the Lansky and Shandloff cases, Lansky v. Savoretti (Shandloff v. Savoretti), 5 Cir., 220 F.2d 906 whether the Immigration and Naturalization Service has authority, under Section 1225(a), Title 8 U.S.C.A. to issue a subpoena requiring a naturalized citizen to testify at an inquiry, instituted for the purpose of determining whether denaturalization proceedings will be commenced against him under Section 340 of the 1952 Act, 8 U.S.C.A. § 1451.

For the reasons set down in the opinion in those cases, this question is decided adversely to petitioner, and the judgment appealed from, insofar as it affirms the existence, and sustains the exercise, of the power, is affirmed.

This appeal, however, presents a secondary or subordinate question, whether the appellant can be required, over his objection that his answers might tend to incriminate him, to answer these two questions:

"Q. Did you at the time of your naturalization believe in or advocate the overthrow of the Government of the United States by force or violence?"

"Q. Were you at any time prior to your naturalization on October

4, 1928, a member of or in any manner affiliated with the Communist Party?"

Unlike in the other cases, the appellant in this case appeared with his attorney in response to the Immigration and Naturalization subpoena and at the hearing refused to answer the questions above set out on the ground that he might be incriminated and wished to avail himself of the protection afforded by the Fifth Amendment. Upon his refusal to answer the questions, the appellee, the district director of the Service, applied to the United States District Court for an order requiring the appellant to answer the questions, and the district court issued the order as prayed.

Appealing from that order, appellant seeks its reversal as in violation of his constitutional rights.

We agree with appellant that this is so. The effort of the United States Attorney to water down or take away the protection of the amendment by resort to logical hair splitting will not do. The Supreme Court of the United States, in Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170; Brunner v. United States, 343 U.S. 918, 72 S.Ct. 674, 96 L.Ed. 1332; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344, and this court, in a like uniform course of decision, have definitely ruled to the contrary.

Insofar then as the judgment appealed from sustained the power of the Immigration Service to issue the subpoena, it is affirmed.

Insofar as it requires defendant to answer the two questions propounded to him, it is reversed and the cause is remanded for further and not inconsistent proceedings and with directions to the district court to provide in its decree for the full protection of appellant's constitutional rights against self incrimination.