George Tony **STARKOVICH,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14751.

United States Court of Appeals
Ninth Circuit.

March 8, 1956.

Jay G. Sykes, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Richard D. Harris, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

Appellant Starkovich was found guilty and sentenced to fine and imprisonment for refusing to answer a certain question propounded to him as a witness before a subcommittee of the Committee on Un-American Activities of the House of Representatives, in violation of Title 2, U.S.C.A. § 192.[1] This was the same committee hearing at Seattle discussed in our opinion in Jackins v. United States, 9 Cir., 231 F.2d 405. Starkovich refused to answer the question set out in count 1 of the indictment claiming privilege against self-incrimination under the Fifth Amendment. Although the trial was by jury, the court ruled that the question of privilege was one for the court, and held the privilege here claimed not available to appellant.

The question was: "How soon after that (referring to the period in which he lived in Bellingham, Washington)

1. Appellant was convicted upon a single count of a six count indictment.

was it that you moved to Seattle?" The occasion for the asking of the question came about as follows. During the first two days of the Seattle hearings one Barbara Hartle, a self-confessed former Communist organizer, and a person who had been convicted under the Smith Act, had given testimony naming several persons who, she said, were active members of a committee of the Communist Party at Seattle, Washington. Among these she named a "George Starkovich". The period she first mentioned was 1949 and 1950, but she further testified that thereafter she went "underground" but continued to keep in touch with Communist Party members until about 1952, when she "broke contact".

During the course of the Hartle testimony the Committee learned that there was another person whose name also was George Starkovich, and thereafter the Committee took pains to try to identify which George Starkovich Mrs. Hartle was talking about.

The next day, June 16, 1954, appellant was sworn and examined. He gave his name and his address, which was Seattle. Asked how long he had lived in Seattle he replied "a couple of years, approximately". He then testified that he was born in Bellingham, Washington, and lived there throughout 1950. Then followed the question here involved: "How soon after that was it that you moved to Seattle?" He said: "I don't remember. I will discuss that with my attorney, too." He conferred with the attorney and then invoked his privilege "not to testify against myself, the fifth amendment."

■ As we said in Jackins v. United States, supra, the thing that a person in Starkovich's then position would have occasion to fear would be a prosecution

under the Smith Act, 18 U.S.C.A. § 2385, in which case, his being an active Communist Party member would be an important link in the chain of evidence against him. On such a prosecution it would be important to identify this witness as being the particular George Starkovich who, as Mrs. Hartle indicated, was active at Seattle at some time between 1949 and 1952. For that purpose it might be necessary, or at least important, to prove that this witness was actually in Seattle at those times. A statement by him as to the date when he moved to Seattle could therefore be used against him.

■ It is our opinion that under the rule of Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118, and Emspak v. United States, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997, Starkovich had reasonable ground to fear that his answer might furnish a link in the chain of evidence needed to prosecute him under the Smith Act.

■ The Government argues that the privilege could not apply to this question, since when he moved to Seattle "must have been known to many others in the community", hence his answer could not incriminate him. This novel suggestion that if a fact can be proven by others an accused cannot refuse to testify himself as to that fact, is one which we reject. Nor can we accept the suggestion that in first testifying that he lived in Bellingham in 1950 he waived his right to refuse to say when he left there. The answer as to his residence in Bellingham was not incriminating, and it did not therefore constitute any waiver. Jackins v. United States, supra.[2]

The judgment is reversed.

---

2. It was suggested also that when Starkovich started to answer saying, "I don't remember", he waived his privilege. At most, this would be no more than a slip

such as that discussed in United States v. Weisman, 2 Cir., 111 F.2d 260, and there held no waiver.