In the Matter of the Refusal of the Witnesses Edward LEVINSON and Edward Torres to Answer Questions Propounded to them before the Federal Grand Jury at Los Angeles, California.

In the Matter of the Refusal of the Witnesses Carl COHEN, Aaron Weisberg, Charles Kandel, and Leo Durr to Answer Questions Propounded to them before the Federal Grand Jury at Los Angeles, California.

Misc. Nos. 891, 895.

United States District Court
S. D. California,
Central Division.

July 11, 1963.

Adrian B. Fink, Jr., Cleveland, Ohio, Ely, Kadison & Quinn, by Walter Ely, Los Angeles, Cal., for Edward Levinson, Edward Torres and Carl Cohen.

Francis C. Whelan, U. S. Atty. for the Southern Dist. of California, by Timothy M. Thornton, Asst. U. S. Atty., Chief, Special Prosecutions Section, Los Angeles, Cal., for the United States.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for Aaron Weisberg and Charles Kandel.

Harry E. Claiborne, Las Vegas, Nev., for Charles Turner.

Adrian Marshall, Beverly Hills, Cal., for Leo Durr.

THURMOND CLARKE, District Judge.

On June 18, 1963, EDWARD LEVINSON and EDWARD TORRES appeared before the Federal Grand Jury in Los Angeles, California. Basing their refusals on the Fifth Amendment, these wit-

nesses declined to answer questions concerning whether they were present in Las Vegas, Nevada, or Havana, Cuba prior to ten years ago or had then held an interest in the Havana Riviera Hotel.

On June 25, 1963, CARL COHEN, AARON WEISBERG, CHARLES KANDEL, and LEO DURR appeared before the Federal Grand Jury in Los Angeles, California. Basing their refusals on the Fifth Amendment, these witnesses refused to answer questions concerning their presence in Las Vegas, Nevada prior to ten years ago, and their specific relationship with the Sands Hotel, Inc., in Las Vegas, Nevada, at that time. Witness AARON WEISBERG also refused to answer questions concerning his specific relationship with the Sands Hotel, Inc. in 1957 and at the present time.

The United States of America petitioned this Court on July 3, 1963 for an order compelling these witnesses to answer questions propounded to them before the Federal Grand Jury and to be adjudged in civil contempt if they refuse to comply with the Court's order. A hearing on said petition was held on July 10, 1963, and the matter was submitted to the Court.

■ The Fifth Amendment states in part: "No person * * * shall be compelled in any criminal case to be a witness against himself * * *." U.S.Const. Amend. 5. This privilege extends to witnesses testifying before a Federal Grand Jury. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1851).

■ The leading United States Supreme Court case in this area is Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). That case holds:

"To sustain the privilege, it need only be evident from the *implications of the question, in the setting in which it is asked,* that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.

The trial judge in appraising the claim 'must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.' See Taft, J., in Ex Parte Irvine, 74 F. 954, 960 (C.C.S.D.Ohio, 1896)." (Emphasis added.)

If the setting is sufficient, there is a presumption that the privilege should be permitted.

"In this setting it was not *'perfectly clear,* from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] *cannot possibly* have such tendency' to incriminate. Temple v. Commonwealth, 75 Va. 892, 898 (1881), cited with approval in Counselman v. Hitchcock, 142 U.S. 547, 579—580 [12 S.Ct. 195, 35 L.Ed. 1110] (1892)." (Emphasis in the original.) Hoffman v. United States, supra, 341 U.S. at 488, 71 S.Ct. at 819.

■ The important consideration is not the question itself, but how the question appears to the witness. The witness need not believe each answer would be incriminating. It is sufficient if the witness believes an answer would create " * * * a link in the chain of evidence * * *" needed to prosecute him. Blau v. United States, 340 U.S. 159, at 161, 71 S.Ct. 223, at 224, 95 L.Ed. 170 (1950).

■ Decisions in the United States Court of Appeals for the Ninth Circuit demonstrate, as is stated in the recent case of Shendal v. United States (9th Cir., 1963), 312 F.2d 564, at p. 565, that "[t]here is little doubt that the law under the Fifth Amendment is moving toward a more liberal position in favor of the witness." In Hashagen v. United States (9th Cir., 1960), 283 F.2d 345, at p. 348, a witness was upheld after explaining her refusal on the grounds that an answer might " * * * provide a lead or clue to a source of evidence * * *." In Simpson v. United States, 355 U.S. 7, 78 S.Ct. 14, 2 L.Ed.

2d 22 (1957), a witness was permitted to refuse to state her current residence for the same reason. A witness may also refuse to answer when that answer might connect him with a person under investigation by the Grand Jury. Jackins v. United States (9th Cir., 1956), 231 F. 2d 405.

A witness invoking the Fifth Amendment must, however, explain the circumstances which make him apprehensive. United States v. Coffey (3rd Cir., 1952), 198 F.2d 438. The trial judge must then determine if the apprehension is more than clearly grounded. And he is admonished that "[i]t requires a searching consideration of the 'implications of the question, in the setting in which it is asked,' before any question can be held to be truly innocuous." Hashagen v. United States, supra, 283 F.2d at p. 350.

It is counsel's responsibility to explain his client's fears. Counsel must himself, however, be careful not to reveal any incriminating evidence. Thus counsel is often limited to explaining events occurring prior to or concurrent with his client's appearance before the grand jury. In reference to the current witnesses, this Court feels that counsel have fulfilled their responsibility.

Counsel have apprised the Court that each witness was recently interviewed by special agents of the Federal Bureau of Investigation. Witnesses Cohen and Weisberg were also interviewed recently by agents of the Treasury Department. Electronic listening devices were recently discovered in the Sands Hotel, and in a place where Witness Durr conducts business. Witnesses Weisberg, Kandel, and Cohen appeared before the Grand Jury more than a year ago, at which time they testified fully, and they fear they may inadvertently perjure themselves if forced to testify again. Witnesses Levinson and Torres, who were questioned about the Havana Riviera Hotel, were told by the prosecuting attorney that the Grand Jury investiga-tion concerns possible income tax evasion by Mr. Joseph (Doc) Stacher. They fear they will be implicated. The prosecuting attorney has also stated that he is determined to associate Mr. Stacher with the Sands Hotel. Thus, all the other witnesses questioned concerning their relationship with the Sands Hotel also fear implication.

Furthermore, the attorney for three of the witnesses, although not subpoenaed, was himself made a witness and questioned concerning his relationship with these clients, and his method of billing and receiving payment from these clients. This unprecedented action was further reason for these witnesses to believe that the Grand Jury was also interested in their possible income tax evasion. This action by the prosecuting attorney is another link, but an extraordinary one, in the chain of circumstances which could reasonably lead these witnesses to believe that any questions asked them contained dangerous implications.

In this kind of investigation, only the prosecuting attorney is fully aware of why he asks each question. The witness can only suspect and fear, and thus must protect himself as soon as he feels any response may lead to incriminating admissions. Shendal v. United States (9th Cir., 1963), 312 F.2d 564. He is given the privilege and right to protect himself by the Fifth Amendment. Under these circumstances, the trial judge cannot be skeptical of the witness's explanation, nor does the law permit him to be. The law says that unless it clearly appears to the court that the witness's fear is groundless, he may invoke the Fifth Amendment. Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

Whether the Fifth Amendment is properly taken depends upon the total frame of reference within which each question is asked. It is the opinion of this Court that under the circumstances explained to the Court, these witnesses have sufficiently shown their fear was neither groundless nor clearly mistaken.

## ORDER

IT IS NOW THEREFORE ORDERED that the petitions to compel witnesses EDWARD LEVINSON, EDWARD TORRES, CARL COHEN, AARON WEISBERG, CHARLES KANDEL, and LEO DURR to answer questions propounded to them before the Federal Grand Jury be and are hereby denied.

IT IS FURTHER ORDERED that these witnesses be dismissed from further testifying before the Federal Grand Jury.