Placide N. LeBLANC, on behalf of himself and all others similarly situated,

v.

George SPECTOR.

Civ. No. 14941.

United States District Court,
D. Connecticut.

May 8, 1974.

---

---

David S. Fishman, East Hartford, Conn., for plaintiff.

Lewis B. Stackell, New York City, Karl Fleischmann, Hartford, Conn., for defendant.

### RULING ON MOTION FOR CONTEMPT AND IMPOSITION OF SANCTIONS

BLUMENFELD, District Judge.

This case concerns defendant's alleged misrepresentation of himself as a .qualified patent practitioner. See LeBlanc v. Spector, 378 F.Supp. 301 (D.Conn.1973).

On October 23, 1972, plaintiff served defendant by mail with a request for 117 admissions. Having received no response to this request, plaintiff moved on January 8, 1973, for an order compelling defendant to answer the request, and for sanctions to be imposed upon defendant in the event of defendant's continued refusal or failure to answer. The instant motion concerns the adequacy of defendant's response to the Court's order granting plaintiff's January 8th motion.

On January 15, 1973, defendant filed an "Answering Affidavit." By this document defendant asserted in a rambling way, almost in the style of a *pro se* pleading, that (1) plaintiff was proceeding under a criminal statute (35 U.S.C. § 33) which conferred upon plaintiff no civil cause of action, a point defendant maintained he would soon raise by motion to dismiss; (2) because plaintiff was proceeding under a criminal statute, all the requested admissions would tend to incriminate defendant, and hence defendant had a Fifth Amendment privilege to refuse to respond to plaintiff's request; (3) the request for admissions was prolix, verbose, and sought irrelevant matter; and (4) plaintiff should be forced to join as a party plaintiff in this action a person who was prosecuting a similar action against defendant in the United States District Court for the Central District of California. The affidavit, which was signed by defendant but not by counsel (although it was notarized by defendant's counsel), referred to a "response to the Request" as being attached to and incorporated in defendant's affidavit. This attached "response" merely recited in three conclusory paragraphs that (1) all 117 requested admissions would tend to incriminate defendant; (2) the request for admissions "is prolix, pleonastic, profuse, repetitive, redundant and verbose;" and (3) an unspecified number "more than 50%" of the 117 requested admissions "are irrelevant, incompetent and immaterial to the plaintiff's complaint, seek opinions of defendant as to allegations of the complaint; are characterizations." This response bore the typed name of defendant's counsel but was unsigned.

On January 18, 1973, plaintiff filed a reply to defendant's "answering affidavit" and moved to have it stricken. Plaintiff complained of the conclusory and argumentative nature of defendant's response. "Defendant has not addressed himself to the specifics of any question, and has not attempted to show how any of the questions could be defective as he has claimed. In other words, the defects are not there simply because the defendant says they are. Having done nothing more than allege the existence of the defects and having shown none specifically, the defendant should be required to answer."

On May 15, 1973, the Court issued the following order, by way of endorsement in the margin of plaintiff's January 8th Motion for Order Compelling Answers to Request for Admissions:

"The defendant is ordered to respond, for the purposes of the pending action, to the plaintiff's written request for admissions in accordance with the provisions of Fed. R. Civ. P. 36.

The defendant's self-styled 'answering affidavit' serves to illustrate why there should be compliance with this court's order of January 24, 1973, requiring local counsel to be appointed."

Local counsel thereupon entered an appearance for defendant on June 13, 1973, and on that same date filed "Defendant's Response to Request for Admissions," a five-page document breaking down the 117 requested admissions into nine categories and identifying with specificity various statutes allegedly placing defendant in possible criminal jeopardy with regard to the subject matter of each of the nine categories of requested admissions. The instant motion for contempt and the imposition of sanctions was filed by plaintiff on June 18, 1973, based on defendant's alleged "failure to respond to plaintiff's Request for Admissions in spite of being ordered to do so by the court on May 15, 1973."

Plaintiff maintained that defendant's June 13th response through newly retained local counsel, "rather than responding to the various questions posed in the Requests for Admissions, again merely asserted a privilege against self-incrimination." Plaintiff continued:

"This court has already rejected defendant's assertion of a violation of his rights under the Fifth Amendment of the Constitution of the United States and has *ordered* defendant to answer plaintiffs' Requests for Admissions. Defendant should, if genuinely aggrieved by the court's order of May 15, 1973, have taken an appeal from the court's order. The only proper noncontemptuous response for the defendant at this time is, to quote the court, to answer the Requests for Admissions [and] respond 'for the purposes of the pending action.' It is no answer to again claim the same privilege."

■ Plaintiff has misconstrued the Court's order of May 15, 1973. The Court viewed defendant's January 15th "Answering Affidavit," which appeared to be a *pro se* document, as a response which did not comply with Rule 36(a), Fed.R.Civ.P., since it was too inarticulate for its sufficiency as an answer or objection to be judged.[1] This view was apparently shared by plaintiff, who had moved on January 18th to strike the January 15th "answering affidavit" as "not a proper response." In ordering defendant to "respond" to plaintiff's request for admissions, with an express reference to the Court's earlier order directing defendant to obtain local counsel, the Court sought only for defendant to file a response—stating answers or objections or both—in a form coherent enough for the Court to pass on their

sufficiency. The Court was not ordering defendant specifically to answer without objection, since the Court had not yet passed on the merits of defendant's as of then ineptly articulated invocation of the Fifth Amendment.

Plaintiff's June 18th motion for contempt and the imposition of sanctions is accordingly denied. Defendant's June 13th response specifying his objections to plaintiff's request for admissions was adequate compliance with the Court's order of May 15th.

■ Treating plaintiff's June 18th motion for contempt as a motion to determine the sufficiency of the objections set forth in defendant's June 13th response, the Court holds that defendant's objections are justified. While no criminal action is presently pending against defendant, the instant civil action is premised upon a criminal statute, 35 U.S.C. § 33, which this Court has held to have created an implied civil cause of action for injuries suffered through acts in violation of the criminal statute. LeBlanc v. Spector, *supra*, 378 F.Supp. 301. Plaintiff's action thus seeks, on its face, to establish that defendant has committed a crime. This plaintiff is free to do, but plaintiff cannot invoke judicial process to compel defendant to assist in this effort by incriminating himself.

Plaintiff's requested admissions are limited by Rule 36(a) to "matters within the scope of Rule 26(b)," which confines discovery to relevant evidence or material reasonably calculated to lead to the discovery of admissible, and hence relevant, evidence. "Relevant evidence" is defined in Rule 401 of the proposed Federal Rules of Evidence as "evidence having any tendency to make the existence of any fact that is of consequence

---

1. Rule 36(a) provides in pertinent part:

"The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."

It should be noted that Rule 36 itself nowhere uses the general term "response," referring instead specifically to "answers" or "objections."

to the determination of the action more probable or less probable than it would be without the evidence." It follows that an affirmative response to any request by plaintiff for an admission sufficiently relevant to have been proper under Rule 36(a) cannot but tend to incriminate defendant, under 35 U.S.C. § 33 at least and perhaps also under the various federal and state deceptive dealing statutes cited by defendant in his June 13th response to plaintiff's request for admissions.

■ Of course, the Fifth Amendment privilege does not extend to all possibly self-incriminatory statements. The Fifth Amendment itself is oriented towards actual criminal liability, not abstract incrimination: "No person . . . shall be compelled *in any criminal case* to be a witness against himself . . . ." (Emphasis added.) Of course, "[t]his provision must have a broad construction in favor of the right which it was intended to secure. . . . [¶] . . . The object was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime. The privilege is limited to criminal matters, but it is as broad as the mischief against which it seeks to guard." Counselman v. Hitchcock, 142 U.S. 547, 562, 12 S.Ct. 195, 198, 35 L.Ed. 1110 (1892). Thus the privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory," Kastigar v. United States, 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L. Ed.2d 212 (1972), but at the same time is confined to only those "disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Id.* at 445. "It is well established that the privilege protects against real dangers, not remote and speculative possibilities." Zicarelli v. New Jersey State Commission, 406 U.S. 472, 478, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972).

The protection of the Fifth Amendment is thus "confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. [Citation omitted.] The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified . . . ." Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). "The general rule [is that] the trial judge must determine each claim according to its own particular circumstances . . . . Ordinarily he is in much better position to appreciate the essential facts than an appellate court can hold, and he must be permitted to exercise some discretion, fructified by common sense, when dealing with this necessarily difficult subject." Mason v. United States, 244 U.S. 362, 366, 37 S.Ct. 621, 623, 61 L.Ed. 1198 (1917).

■ In the instant case, no prosecution is currently pending against defendant. Whether prosecution is being contemplated is not known, although even a negative assertion in this regard would not be conclusive absent an accompanying grant of immunity. See Duffy v. Currier, 291 F.Supp. 810, 814–815 (D. Minn. 1968). Plaintiff has, however, maintained in his motion for contempt that "Defendant's improper and fraudulent business practices, which are the subject of this action, are in fact predicated upon taking advantage of large numbers of individuals each of whom suffers a comparatively small financial loss. In this manner defendant seeks to avoid responsibility for his acts." Yet, due to this Court's denial of leave for the instant action to proceed as a class action, LeBlanc v. Spector, *supra*, 378 F.Supp. at 310, defendant will not in the instant action be held ac-

countable for the wrongs he has allegedly inflicted on this "large number of individuals." That at least some individuals other than plaintiff have been aggrieved by defendant is established by the undisputed fact that there is pending against defendant a suit in the Central District of California, Croisette v. Spector, alleging defendant's liability on grounds similar to those in the instant case. In view of this background of alleged private injuries inflicted upon many members of the public, which injuries are not subject to redress in this civil action, it cannot be said that the criminal prosecution of defendant is no more than " 'a mere imaginary possibility.' " .Blau v. United States, 340 U.S. 159, 161, 71 S.Ct. 223, 95 L.Ed. 170 (1950).

■ The Court would be hesitant to hold that the mere fact that a civil cause of action has been found to have been created by implication by a criminal statute, must in every suit brought under such a cause of action extend a blanket Fifth Amendment privilege against discovery to the defendant. But, on the particular facts of the instant case, the Court finds that the defendant's apprehension of prosecution is sufficiently reasonable to warrant in this instance his invocation of the Fifth Amendment. The admissions requested of defendant in the instant case, while they cannot be used against him in any other proceeding, Rule 36(b), "could lead to other evidence that might be so used." Kastigar v. United States, *supra,* 406 U.S. at 445. Moreover, defendant's admission of things otherwise in dispute, in advance of plaintiff's being put to his proof, might in itself lead a prosecutor to decide that defendant could successfully be prosecuted, and hence lead to a decision to prosecute which might have otherwise been made, if at all, only after plaintiff had succeeded in obtaining a civil judgment against defendant. Defendant's objections to plaintiff's requested admissions are therefore sustained.

So ordered.