**In the Matter of a Grand Jury Subpoena served upon Arthur G. SCHUFFMAN.**

**No. 74 Cr. Misc. 1.**

United States District Court,
S. D. New York,
Criminal Division.
Dec. 9, 1974.

Paul J. Curran, U. S. Atty., New York City, for plaintiff; Robert B. Hemley, Asst. U. S. Atty., of counsel.

Andrew A. Gore, New York City, for Arthur G. Schuffman.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

The issue in this case is whether a corporate officer may, by invoking his Fifth Amendment privilege against self-

---

incrimination, refuse to answer questions asked by a federal grand jury concerning the existence and whereabouts of corporate books and records which he failed to produce pursuant to a *subpoena duces tecum*. In light of the facts of this case, we find that the privilege does attach to such questions.

In early February of this year respondent Schuffman in his capacity as President of Perthshire Scotch Whisky, Ltd. (since dissolved) was served with a *subpoena duces tecum* requiring him to produce

> "all books and records of the Perthshire Scotch Wiskey [sic], Ltd. Co. for the period of January 1st 1973 to date, including but not limited to, the general ledger, cash receipts and cash disbursements journals, cancelled checks, bank statements, bank books, copies of advertisements, correspondence, and the names and addresses of investors or purchasers together with the amount paid by each."

The subpoena was issued in furtherance of the grand jury's investigation of possible consumer frauds. After a series of adjournments, respondent appeared before the grand jury on June 26, 1974—but without any of the subpoenaed records. When asked if he had corporate records to produce, respondent refused to answer "under [his] constitutional rights, . . . including the Fifth". Subsequently, on August 1, 1974, I directed * respondent to answer the following questions concerning the whereabouts of the as yet unproduced corporate records:

(1) Do you have corporate books and records of Perthshire Scotch Whisky, Ltd. in your possession?

(2) Do you have corporate books and records of Perthshire Scotch Whisky, Ltd. under your control?

(3) Do corporate books and records of Perthshire Scotch Whisky exist?

On December 2, 1974, respondent appeared before the grand jury and refused to answer Questions (1) and (2) on the ground that the answers may tend to incriminate him. He did, however, respond to Question (3) by stating that no records other than the corporate "minute book" exist. The government now moves to hold respondent in civil contempt for his failure to answer Questions (1) and (2). For the reasons set forth below, the motion is denied.

■■ It is beyond dispute that a corporation is not protected by the constitutional privilege against self-incrimination. Curcio v. United States (1957), 354 U.S. 118, 122, 77 S.Ct. 1145, 1 L.Ed. 2d 1225. Nor may a corporate officer withhold testimony or documents on the ground that his corporation would be incriminated, Hale v. Henkel (1906), 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652, that he personally might be incriminated by their production, Wilson v. United States (1911), 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, or that the corporation had previously been dissolved, Grant v. United States (1913), 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423; Wheeler v. United States (1913), 226 U.S. 478, 33 S.Ct. 158, 57 L.Ed. 309.

■■ If such records are in existence and are either in the possession or under the control of a corporate officer served with a *subpoena duces tecum*, that officer must produce them on pain of contempt. Should it be established by independent evidence in the case before us that respondent does in fact have custody of the subpoenaed—but not produced—documents, he may be prosecuted for contempt for willful refusal to honor the subpoena. The government, by asking respondent to state whether the subpoenaed records are in his possession or under his control, is in effect, seeking to compel him to supply the very evidence it needs to make out a prima facie case of contempt.

* In the light of what follows, this direction—at least as to questions one and two—was clearly improper.

Consequently, it cannot be said that it is

> *"perfectly clear,* from a careful consideration of all the circumstances in this case, that the witness is mistaken, and that the answer[s] *cannot possibly* have [a] tendency to incriminate."  Hoffman v. United States (1951), 341 U.S. 479, 488, 71 S.Ct. 814, 819, 95 L.Ed. 1118 (emphasis in original)

In fact, the answers to Questions (1) and (2) may very well furnish "a link in the chain of evidence needed" to proscute him for contempt. Blau v. United States (1950), 340 U.S. 159, 161, 71 S.Ct. 223, 224, 95 L.Ed. 306.

Indeed, it would appear from the totality of the proceedings before me that the answers, if truthful, would not only furnish a "link in the chain" but would constitute the sole evidence needed to convict. It follows that such answers cannot be compelled. As succinctly observed by the Supreme Court in Curcio v. United States, *supra,* 354 U.S. at 128, 77 S.Ct. at 1151:

> "The compulsory production of corporate . . . records by their custodian is readily justifiable, even though the custodian protests against it for personal reasons, because he does not own the records and has no legally cognizable interest in them. However, forcing the custodian to testify orally as to the whereabouts of nonproduced records requires him to disclose the contents of his own mind. He might be compelled to convict himself out of his own mouth. That is contrary to the spirit and letter of the Fifth Amendment."

See also United States v. Patterson (2d Cir. 1955), 219 F.2d 659; United States v. Pollock (W.D.Ark.1962), 201 F.Supp. 542; Bradley v. O'Hare (1956 1st Dept.) 2 A.D.2d 436, 156 N.Y.S.2d 533.

Since the constitutional privilege against self-incrimination protects respondent's refusal to answer Questions (1) and (2), the government's motion to hold him in contempt must be denied. Any prior rulings of the court in this case which are inconsistent with the foregoing are hereby vacated.

So ordered.