UNITED STATES of America and Michael W. Cameron, Special Agent for the Internal Revenue Service, Plaintiffs,

v.

James K. RENDAHL, Defendant.

No. CV 83–97–M.

United States District Court,
D. Montana,
Missoula Division.

Aug. 2, 1983.

Carl Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiffs.

Neil Halprin, Missoula, Mont., Donald MacPherson, Phoenix, Ariz., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This case poses the question: In an IRS investigation of B's tax liability, may A refuse to testify as to the income that he received from B in a given year on the ground that it might incriminate him because he, A, had failed to file an income tax return for that year?

Cameron, a special agent employed by the Criminal Investigation Division of the District Director of the Internal Revenue Service, investigated the tax liability of William P. Driscoll for the years 1976–1980 inclusive. He duly summoned respondent James K. Rendahl to appear before him and give testimony and produce books relative to the money he had received from Driscoll. Rendahl did not comply, a petition to enforce the summons was filed in this court, and Rendahl was ordered to show cause. He appeared and claimed that if he were required to testify his testimony might incriminate him. The court directed Rendahl to produce the documents and to testify at a given time and place. He did appear but claimed that he had no documents, and he refused to testify on fifth amendment grounds. In 1975 Rendahl filed a so-called fifth amendment return. There is no criminal case pending against Rendahl.

A person who has sufficient gross income in a given year is guilty of a crime if he fails to file an income tax return for that year. 26 U.S.C.A. § 7203 (1967). The fifth amendment return which provides no information is not a proper return under Section 7203. *United States v. Neff,* 615 F.2d 1235 (9th Cir.1980); *United States v. Klee,* 494 F.2d 394 (9th Cir.), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974). Any revelation by a person that in a given year he received income in any amount could be used by the Government as part of its proof that the gross amount received in that year was sufficient to require that a return be filed.

In the sense of the language used in *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951), and *Blau v. United States,* 340 U.S. 159, 161, 71 S.Ct. 223, 224, 95 L.Ed. 170 (1950), Rendahl's answer as to income received from Driscoll would "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman,* 341 U.S. at 486, 71 S.Ct. at 818. Notwithstanding my belief that Rendahl's testimony would have tended to incriminate him under the standards of *Hoffman* and *Blau,*[1] I rely on *United States v. Carlson,* 617 F.2d 518 (9th Cir.), *cert. denied,* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980), and hold that Rendahl was required to answer.

In *Carlson,* the defendant had been found guilty of failing to file an income tax return. In affirming the conviction, the court considered this question: "[C]an the privilege against self-incrimination constitute a defense to a section 7203 prosecution when it is asserted to avoid incrimination for a past violation of income tax laws?" *Id.* at 520. In 1974 Carlson did file a W–4 Form falsely claiming ninety-nine withholding exemptions. On his 1974 and 1975 returns, he claimed privilege and disclosed no facts. He was found guilty of a violation of Section 7203 and appealed. The court stated that a proper return would have provided a lead or clue to evidence having a tendency to incriminate him. The court then balanced "Carlson's assertion of privilege against the governmental interest in revenue collection" (*Id.* at 522) and held that the "character and urgency of the opposing revenue interests require that his scheme not be permitted." *Id.* at 523.[2]

I am aware of the decision of the Ninth Circuit in the case of *Hashagen v. United States,* 283 F.2d 345 (9th Cir.1960), in which the court used the language of *Hoffman* and *Blau* in a case which involved, among other things, the dangers of prosecution for violations of revenue laws. I am also aware of the decision of the Court of Appeals for the Tenth Circuit in *United States v. Jones,* 703 F.2d 473 (1983).[3] In the *Jones* case the questions asked were in a proceeding to collect a judgment for tax deficiencies. Neither the *Jones* case nor *Federal Deposit Insurance Corp. v. Sovereign State Capital, Inc.,* 557 F.2d 683 (9th Cir.1977), cited and discussed in *Jones,* involves the question of whether a taxpayer by violating the tax law in one year may, on the basis of that violation, refuse to give evidence in a subsequent year. Were these cases in point, I would still follow *Carlson* because, as distinguished from *Jones,* it is a Ninth Circuit case, and, as distinguished from *Federal Deposit Insurance Corp.,* it is more recent, and because I am in agreement with the analysis made of the problem in *Carlson.*

■ Although he may have violated the income tax law in 1975, it was Rendahl's duty under *Carlson* to report his 1976 gross income in his 1976 return. In short, the asserted privilege did not protect Rendahl from a disclosure of his 1976 income. If Rendahl's failure to disclose that income was not protected by a fifth amendment privilege in a criminal case involving himself, I do not see why his claim of privilege should excuse him from furnishing the same information in the investigation of the tax liability of a third person.[4]

---

1. The cases of *Hoffman* and *Blau* did not involve the Internal Revenue laws.

2. I am particularly impressed with the balancing test employed in *Carlson,* and I deem the facts surrounding this case to be illustrative of the wreckage that the type of scheme employed here can do to the present system of tax collection. From the filings in this court, I can judicially note the following: James P. Driscoll operated a plumbing business in Whitefish, Montana, for many years. The IRS is investigating his tax liability for the years 1976–1980. In the course of the investigation at least five individuals have refused to answer on fifth

amendment grounds. Three of those were plumbers at one time employed by Driscoll. One of the five finally testified, denied he had worked for Driscoll, was indicted for perjury, pled guilty, and was convicted. One of the five, William P. Driscoll's son, was previously convicted of failing to file. *See United States v. Driscoll,* 612 F.2d 1155 (9th Cir.1980).

3. I note that in *Jones* the *Carlson* case was not cited.

4. The fifth amendment means what the courts have held it to mean, but the literal language of

■ I find that there has been no waiver of fifth amendment rights. The defendant is in contempt of this court.

IT IS THEREFORE ORDERED that the defendant be committed to the custody of the Attorney General or his duly authorized representative for incarceration until such time as Rendahl shall purge himself of contempt by appearing before Michael W. Cameron and giving testimony relating to the tax liability or the collection of the tax liability of William P. Driscoll for the years 1976, 1977, 1978, 1979, and 1980 and bringing with him and producing for examination the following books, records, papers, and other data relative to William P. Driscoll and Driscoll Plumbing & Heating for the time period January 1, 1976, through December 31, 1980: All documents along with testimony to determine the amount of money received by James K. Rendahl for work done with, for, or on behalf of William P. Driscoll and/or Driscoll Plumbing & Heating.

If Rendahl shall decide to comply with such summons, he shall advise the Attorney General or his representative, who shall communicate such information to the court. The court will then make such orders as are necessary to enable Rendahl to comply.

This order is stayed for a period of ten (10) days, and if an appeal to the Court of Appeals for the Ninth Circuit is filed within such time, the order will be stayed until the mandate of the Court of Appeals. If no such appeal is filed within that time, Rendahl shall surrender himself to the United States Marshal in Missoula, or a bench warrant for his apprehension will issue.

the fifth amendment—"No person ... shall be compelled in any criminal case to be a witness against himself ..."—is of slight comfort to the defendant here.